**Daniel M. GORKO, Appellant,**

v.

**COMMANDING OFFICER, SECOND AIR FORCE, SHREVEPORT, LOUISIANA, Commanding Officer, Forbes Air Force Base, Topeka, Kansas, and Provost Marshal, Forbes Air Force Base, Topeka, Kansas, Appellees.**

**No. 7105.**

United States Court of Appeals Tenth Circuit.

Feb. 8, 1963.

---

Wayne E. Hundley and Sam A. Crow, Topeka, Kan., for appellant.

Frank O. House and Roy D. Adcock, Office of the Judge Advocate General, and Gerald P. Choppin, Atty., Dept. of Justice (Burke Marshall, Asst. Atty. Gen., Newell A. George, U. S. Atty., and Harold H. Greene, Atty., Dept. of Justice, were on the brief), for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-petitioner Gorko sought habeas corpus on the grounds that a military court-martial had no jurisdiction over him because of the termination of his period of enlistment, that he had been denied a speedy trial as guaranteed by the Sixth Amendment, and that he was subjected to double jeopardy in violation of the Fifth Amendment. The trial court denied relief and this appeal followed.

Gorko, an enlisted man in the United States Air Force, was charged with murder in violation of Art. 118, Uniform Code of Military Justice (UCMJ).[1] The offense occurred on May 27, 1960, and the charge was filed on June 2, 1960. Trial before a general court-martial began on October 11, 1960, and on October 14, 1960, a finding of guilty of unpremeditated murder was returned. Gorko was sentenced to dishonorable discharge, total forfeiture, and imprisonment for 25 years. The convening authority, acting pursuant to Arts. 60–64, USMJ,[2] approved the sentence on February 17, 1961. The record of the trial then went automatically to a board of review under the provisions of Art. 66(b), UCMJ.[3] That board, on May 17, 1961, set aside the findings and sentence because of an instructional error by the Law Officer of the court-martial and ordered a rehearing. Under the authority of Art. 67(b) (2), UCMJ,[4] the Judge Advocate General, on June 9, 1961, certified the case to the United States Court of Military Appeals which, on February 2, 1962, affirmed the board of review.[5] The order carrying out this mandate was published on February 27, 1962, and the court-martial rehearing was scheduled for April 3, 1962. The petition for habeas corpus with which we are concerned was filed with the United States District Court for the District of Kansas on March 22, 1962, and dismissed on April 18, 1962. The second court-martial resulted in a finding of guilty on April 25, 1962, and a reduced sentence.

The scope of judicial review of military habeas corpus cases is well established. Court inquiry is limited to whether the court-martial had jurisdiction of the person and the offense charged, whether the accused was accorded due process of law as contemplated and assured by the Uniform Code of Military Justice, and whether competent military tribunals gave fair and full consideration to all the procedural safeguards deemed essential to a fair trial under military law.[6]

1. 10 U.S.C. § 918.

2. 10 U.S.C. §§ 860–864.

3. 10 U.S.C. § 866(b).

4. 10 U.S.C. § 867(b) (2).

5. United States v. Gorko, 12 USCMA 624, 31 CMR 210.

6. Bennett v. Davis, 10 Cir., 267 F.2d 15, 17. See also Burns v. Wilson, 346 U.S. 137, 140–142, 73 S.Ct. 1045, 97 L.Ed. 1508; Hiatt v. Brown, 339 U.S. 103, 110–111, 70 S.Ct. 495, 94 L.Ed. 691.

■ Gorko contends that as his term of enlistment has expired the military authorities had no jurisdiction to subject him to a second court-martial. We disagree. At the time of the offense Gorko was an enlisted member of the Air Force and subject to the Uniform Code of Military Justice.[7] Jurisdiction was then present and it was not lost by the subsequent change in the accused's status.[8]

■■ The government urges that the question of right to speedy trial is not before us because that question must be first raised in and determined by the military tribunals. Cases may arise in which resort to habeas corpus may be proper because of the denial of speedy trial, but this is not one of them. The right to a speedy trial is relative and must be determined in the light of all the circumstances of each case.[9] From the inception of the prosecution the proceedings were carried out in conformity with the Uniform Code of Military Justice and without any purposeful or oppressive delay.[10] The time reasonably consumed in the use of the procedures which are designed to protect the rights of the accused and to which no objection is raised forms no basis for a claim of undue delay.

■■ Turning to the claim of double jeopardy, we are concerned with the facts as they were when the trial court acted.[11] At that time the second court-martial had not been convened. Exhaustion of all available military remedies is required before reliance may be had on habeas corpus.[12] The Uniform Code of Military Justice provides that no person, without his consent, may be tried a second time for the same offense.[13] The

adequacy and availability of the military remedy is not questioned. Consideration of the question by the courts is, accordingly, premature.

Affirmed.

7. See Art. 2(1), UCMJ, 10 U.S.C. § 802 (1).

8. Carter v. McClaughry, 183 U.S. 365, 383, 22 S.Ct. 181, 46 L.Ed. 236. Cf. Lee v. Madigan, 358 U.S. 228, 231, 79 S.Ct. 276, 3 L.Ed.2d 260.

9. Day v. Davis, 10 Cir., 235 F.2d 379, 385, certiorari denied, 352 U.S. 881, 77 S.Ct. 104, 1 L.Ed.2d 81.

10. See Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393.

11. Dean v. United States, 8 Cir., 30 F. 2d 523. Cf. Tilghman v. Hunter, 10 Cir., 168 F.2d 946.

12. Gusik v. Schilder, 340 U.S. 128, 131, 71 S.Ct. 149, 95 L.Ed. 146.

