**W. E. B. DuBOIS CLUBS OF AMER-ICA et al., Plaintiffs,**

v.

**Nicholas deB. KATZENBACH et al., Defendants.**

**Civ. A. No. 1087-66.**

United States District Court
District of Columbia.

April 18, 1967.

David Rein and Monroe H. Freedman, Washington, D. C., and William M. Kunstler for plaintiffs.

Kevin T. Maroney, Washington, D. C., for defendants.

Before PRETTYMAN, Senior Circuit Judge, McGOWAN, Circuit Judge, and BRYANT, District Judge.

OPINION

PER CURIAM:

In March of 1966 the Attorney General of the United States petitioned the Subversive Activities Control Board for an order directing the W. E. B. DuBois Clubs of America to register as a Communist-front organization.[1] An answer was filed in which, among other things, the respondent DuBois Clubs (1) denied

---

1. The statute in question is the Subversive Activities Control Act of 1950, 64 Stat. 987–1005, 50 U.S.C. § 781–798 (1964). The particular provisions under attack are paragraphs (b), (c), and (d) of Section 7 of the Act, which provide for the registration of Communist-front organizations. 50 U.S.C. § 786.

generally that it was a Communist-front organization within the meaning of the Act and (2) denied various allegations of fact made by the Attorney General in the petition. The Act contemplates that the issues so joined will be the subject of full evidentiary hearings; and that any registration order issued by the Board thereafter shall be subject to review in the first instance by the United States Court of Appeals for the District of Columbia Circuit, and ultimately by the United States Supreme Court on certiorari.

DuBois Clubs brought this suit in the District Court to dispense with the statutory procedure. It asks for a declaration that the registration provisions of the Act are unconstitutional; and it seeks injunctive relief against the Attorney General and the Board with respect to enforcement of them. After the convening of this three-judge court, the matter was heard on defendants' motion to dismiss the complaint for lack of subject-matter jurisdiction.

The issue raised by the motion is essentially whether this court should now determine the constitutionality of the challenged sections of the Act. At oral argument before us both sides appeared to be in agreement that a present holding of unconstitutionality was the premise of a denial of the motion, with subsequent proceedings in this court to be devoted only to evidence with respect to irreparable injury. DuBois Clubs' opposition to the motion relied heavily upon Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), where the Supreme Court held certain Louisiana subversive legislation invalid on its face and enjoined state criminal prosecutions under it.

On the same day it decided *Dombrowski*, however, the Supreme Court acted in the first two Communist-front cases to reach it under the statutory review pro-vided by Congress for registration orders entered by the Board after hearing. American Committee for Protection of Foreign Born v. SACB, 380 U.S. 503, 85 S.Ct. 1148, 14 L.Ed.2d 39 (1965); Veterans of Abraham Lincoln Brigade v. SACB, 380 U.S. 513, 85 S.Ct. 1153, 14 L. Ed.2d 46 (1965). The Court was there urged to declare the registration provisions unconstitutional; and the Court recognized the substantial nature of this claim in its cautionary comment that "[o]ur Communist Party decision on the Communist-action provisions did not necessarily foreclose petitioner's constitutional questions bearing on the Communist-front provisions. * * *" And see Communist Party of U. S. v. United States, D.C.Cir., 384 F.2d 957 (decided March 3, 1967). The Court went on to say that, because of the staleness of the record made in the Board hearings, "decision of the serious constitutional questions raised by the order is neither necessary nor appropriate." It remanded the two cases to the Board for fresh hearings.

If the Supreme Court refused to decide the constitutional issues on a stale record, it would be anomalous for us to decide them on no record. The Supreme Court apparently saw nothing incongruous about reaching this result coincidentally with *Dombrowski*; and the patent differences between the two situations need no elaboration. The initiation of proceedings to require an organization to register under the Act may well present some practical problems in the area of free expression, but Congress has made careful provision that no tangible sanctions can come into play until the facts have been explored in open hearing and the courts have scrutinized what they show, both in their adequacy to support a registration order and in their constitutional impact upon the statute itself.

The motion to dismiss is granted.