Captain Howard Brett LEVY, for himself and for all others similarly situated, Petitioner,

v.

Honorable Howard F. CORCORAN, United States District Judge, Respondent.

No. 20972.

United States Court of Appeals District of Columbia Circuit.

Argued May 9, 1967.

Rehearing Denied June 7, 1967.

Bazelon, Chief Judge, dissented.

Mr. Anthony G. Amsterdam, Philadelphia, Pa., with whom Messrs. Ralph J. Temple and Lawrence Speiser, Washington, D. C., were on the pleadings, for petitioner.

Mr. Irwin Goldbloom, Washington, D. C., of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Morton Hollander and Harland F. Leathers, Attys., Dept. of Justice, were on the pleadings, for respondent. Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Gil Zimmerman and Joseph M. Hannon, Asst. U. S. Attys., also entered appearances for respondent.

Before BAZELON, Chief Judge, and TAMM and LEVENTHAL, Circuit Judges.

## ORDER

### PER CURIAM.

This cause came on for hearing on petitioner's petition for writ of mandamus and application for a stay and said petition and application were argued by counsel.

Upon consideration whereof, it is

Ordered by the court that petitioner's aforesaid petition for writ of mandamus and application for a stay are denied.

BAZELON, Chief Judge, dissents from the foregoing order for the reasons stated in his dissenting opinion filed herewith.

TAMM, Circuit Judge.

I join in denying the application for the stay and the petition for writ of mandamus. I am of the view that this case is not properly before this court at the present time. I am of the opinion that the record discloses that our present petitioner has an adequate remedy at law. It is my view that he cannot at this time show imminent, irreparable injury. In the event of his conviction by a court martial, which at this time is problematical, there is then available to him, through court martial proceedings, review of those proceedings as specifically provided by law, including an ultimate appeal to the United States Court of Military Appeals, which is in itself a court entirely composed of civilians and which court within the last week has ruled that the principles of the Supreme Court's holding in the *Miranda* case are applicable to court martial proceedings. United States v. Tempia, 35 L.W. 2625 (April 25, 1967).

In addition, there is available to this petitioner, in due course and if he is convicted, the right of appeal to the civil courts through habeas corpus or other appropriate proceedings.

Against this background, I feel that at this time this court is without any jurisdiction in this matter.

LEVENTHAL, Circuit Judge:

The refusal of the District Judge to take steps to convene a three-judge court seems to me sound for want of equity jurisdiction to restrain defendants from proceeding with a general court-martial scheduled to commence May 10, 1967.

The lack of equity jurisdiction to issue an injunction seems to me to inhere in the relationship of the civil courts and military tribunals, a relationship which looks to habeas corpus or kindred remedies as the technique by which the civil courts exercise such limited intervention as may be proper in cases taken before military tribunals. There may be want of equity jurisdiction for such reasons of governmental relationships even where there is no truly adequate remedy at law.[1] But the conclusion is strengthened by our awareness that petitioner can preserve his constitutional defenses before

1. Smith v. Katzenbach, 122 U.S.App.D.C. 113, 351 F.2d 810 (1965).

the general court-martial, and in due course can present them to the Court of Military Appeals. That court has indicated its readiness to apply to men in the military service the protection of pertinent Supreme Court decisions based on constitutional grounds.[2]

These considerations do not wholly answer petitioner's contention that the ability of the military to use the broad provisions of articles 133 and 134 of the Uniform Code of Military Justice (10 U.S.C. §§ 933, 934) to punish expressions of views within the continental United States forebodes such a "chilling effect" on speech that is protected by the Constitution as to call for the application of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

The argument is not without logic. Where it breaks down, it seems to me, is where it runs into a judicial tradition which for more than 150 years has resisted all efforts to issue mandates intended to obviate exposure to court-martials or anticipate the results of proceedings before military tribunals.[3]

It is not necessary to consider now whether this pattern of decisions is absolutely inviolate. It is formidable enough to obviate injunctive relief based on an expansion of the implications of Dombrowski. Nothwithstanding the language of Dombrowski, some individuals and groups will be denied injunctions and relegated to protecting their First Amendment freedoms by way of defense in other proceedings.[4] Furthermore, I cannot accept petitioner's argument that a court should be as ready to enjoin the proceeding of a military tribunal as a Federal court to enjoin a state court proceeding.

Freedoms of speech and expression stand on the highest constitutional ground. And the fact of war does not obliterate freedom to dissent from the war. It may be assumed at least for

discussion that although the balance between freedom and discipline is different for men in the military service than for civilians, at least some part of these freedoms is retained when civilians enter the military service. It may further be assumed that if these freedoms are unlawfully disregarded by military tribunals, there may in due course be recourse to the civil courts. But that does not compel this recourse to be by way of injunctive relief.

Whether the foregoing decision was reserved by Congress for three judges, rather than one, is not an easy question. It suffices to say that when the district judge is presented with a motion that is insubstantial insofar as it requests injunctive relief, the law does not contemplate a three-judge court. The district judge can preclude a three-judge court only when it is clear that injunctive relief is not available. I think this is such a case.

BAZELON, Chief Judge, (dissenting):

Petitioner filed his papers at 5:00 p. m. yesterday evening. The Government filed its response at 11:00 a. m. today, and we heard this case at 11:45 a. m. Consequently, there has not been sufficient time for the consideration which the case deserves. However, as presently advised, I am compelled to dissent from the order issued today.

On September 10, 1965, Captain Howard Brett Levy wrote a letter to Sergeant Geoffrey Hancock, Jr. who was then stationed in Viet Nam. The letter strongly, and perhaps intemperately, criticized the foreign policy of the United States. Between February and December, 1966, Captain Levy made similar criticisms to various military personnel at his hospital base in South Carolina. On the basis of these two incidents, Levy's commanding officer charged him with violating Article 133 ("conduct

2. United States v. Tempia, April 25, 1967.

3. Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277 (1885); Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950); Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321

(1962); Gorko v. Commanding Officer, 314 F.2d 858 (10th Cir. 1963).

4. W.E.B. DuBois Clubs v. Katzenbach, 277 F.Supp. 971, April 18, 1967 (Dist.Ct.Dist. of Col., 3-judge).

unbecoming an officer and a gentleman") and Article 134 ("all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, * * * ") of the Uniform Code of Military Justice. 10 U.S.C. §§ 933, 934 (1964). Levy was also charged with a violation of Article 90 (wilfully disobeying "a lawful command of his superior commissioned officer").[1] 10 U.S.C. § 890 (1964). The court martial, at which Levy faces the possibility of a life sentence, begins tomorrow.

Levy claims that Articles 133 and 134 are unconstitutionally vague and that Article 90 is unconstitutional as applied to him. On April 17, 1967, he moved in our District Court to have a three-judge District Court convened to decide the question and to issue an injunction against his pending court martial. On May 3, the District Court denied the motion.

Under Idlewild Bon Voyage Liquor Corporation v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), a three-judge District Court must hear and determine the case when (1) "the constitutional question raised is substantial" and (2) "the complaint at least formally alleges a basis for equitable relief." 370 U.S. at 715, 82 S.Ct. at 1296.

Recent cases in this Circuit have interpreted the first requirement to mean that the constitutional claim must be "patently frivolous" before one judge can dispose of it. Reed Enterprises v.

Corcoran, 122 U.S.App.D.C. 387, 390, 354 F.2d 519, 522 (1965); Hobson v. Hansen, 252 F.Supp. 4, 7 (D.D.C.1966). Levy argues that Articles 133 and 134 are overly broad, and that their breadth impermissibly impinges upon First Amendment freedoms. A simple reading of the Articles shows that they are quite broad. Indeed, the Manual for Courts-Martial interprets Article 134 to include more than fifty different offenses ranging from abusing public animals to wearing an unauthorized insignia.[2] Levy argues also that Article 90, though not unconstitutional on its face, is being applied as part of a scheme to punish him for exercising his First Amendment rights in the past and prevent him from exercising them in the future.[3] For our present purposes we must take these allegations as true. And if they are true, the constitutionality of Article 90, as applied to Levy, is questionable. Dombrowski v. Pfister, 380 U.S. 479, 490, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

The second requirement for convening a three-judge court is that the complaint allege a basis for equitable relief. Here Levy says that First Amendment rights will be "chilled" if his prosecution proceeds on the basis of two statutes which are unconstitutional on their face and one which is being applied in order to harass people who exercise their First Amendment rights.[4] This chilling effect, Levy claims, constitutes irreparable injury under Dombrowski v. Pfister, supra. If Article 90, though constitutional on its face, is being applied to harass Levy, then that part of his case fits within the first ground for the Dombrowski deci-

---

[1]. Apparently Levy would not give Special Forces Aidmen instruction in dermatology because the instruction would have involved exposing the private parts of his female patients who were suffering from venereal diseases. Levy thought this exposure, without the consent of the patients, violated professional ethics.

[2]. One of the evils of an overly broad statute is that it leaves the definition, and therefore the creation, of crimes to the discretion of minor executive or military officials. The attached appendix (the Manual's suggested forms for drafting charges and specifications under Article

134) shows exactly how broad the discretion is. And the suggested forms do not purport to be exclusive.

[3]. He alleges, among other things, that at first his commanding officer decided upon a minor form of non-judicial discipline and that only after he learned of Levy's political opinion was the court martial decided upon.

[4]. The problem concerns not only Levy's First Amendment rights but also the First Amendment rights of others, both military personnel and civilians, who may view Levy's court martial as governmental dissatisfaction with dissent.

sion. 380 U.S. at 490, 85 S.Ct. 1116. And if Articles 133 and 134 are unconstitutionally broad then that part of Levy's case fits within the second ground for the *Dombrowski* decision. 380 U.S. at 490–491, 85 S.Ct. 1116.

Of course all of this assumes that *Dombrowski* would be read to allow interference with military courts. The *Dombrowski* opinion itself suggests no reason why it should not be read in this way, though there may be other reasons why its scope would be limited. In any event, the applicability of *Dombrowski* to our case has never been decided and is not a frivolous issue.[5]

Since neither the constitutional attack on the Articles nor the claim of irreparable injury is frivolous, this case should be heard and determined by a three-judge District Court. I think this much is abundantly clear. If Levy does have a right to have his case heard and determined by a three-judge District Court,

then I think it is equally clear that the right must be made meaningful by a short stay of the court martial proceedings. Otherwise, with the beginning of the court martial tomorrow morning, the three-judge District Court would be left with a moot case.

These questions, whether the statutes are unconstitutional, whether there is irreparable injury, whether *Dombrowski* applies to military courts, are not easy, and they are not made any easier by the extreme time-pressure which confronts us. Moreover, they are not questions for us. They are for a three-judge District Court. I do not intimate any view on the merits. I would grant a short stay simply to preserve the jurisdiction of the three-judge District Court. Once that court is convened it can decide whether to issue a temporary restraining order or a temporary injunction while it considers the merits. Our responsibility is simply to preserve jurisdiction for the court Congress intended to hear this case.

## ARTICLE 134

**Abusing public animal** 118. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully (kick a public horse in the belly) (———).

**Adultery** 119. In that ——— (, a married man,) did, (at) (on board) ———, on or about ——— 19—, wrongfully have sexual intercourse with ———, (a married woman) (a woman) not his wife.

**Assault: —Indecent** 120. In that ——— did, (at) (on board) ———, on or about ——— 19—, commit an indecent assault upon ——— by ———, with intent to gratify his (lust) (sexual desires).

**—Upon a commissioned officer** 121. In that ——— did, (at) (on board) ———, on or about ——— 19—, assault ———, a commissioned officer of [the Army of the United States] [———, a friendly foreign power] [the United States (Navy) (Marine Corps) (Air Force) (Coast Guard)], by ———.

NOTE.—That the accused did not know the commissioned officer to be such is a defense to this kind of assault—but not to an included assault in which the official position of the victim is immaterial.

**—Upon a warrant, noncommissioned, or petty officer** 122. In that ——— did, (at) (on board) ———, on or about ——— 19—, assault ———, a (warrant) (noncommissioned) (petty) officer of [the Army of the United States] [the United States (Navy) (Marine Corps) (Air Force) (Coast Guard)], by ———.

NOTE.—That the accused did not know the warrant, etc., officer to be such is a defense to this kind of assault—but not to an included assault in which the official position of the victim is immaterial.

---

5. The cases cited in Footnote 3 of Judge Leventhal's opinion do not deal with statutes which impinge upon First Amendment rights.

123. In that ——— did, (at) (on board) ———, on or about ——— 19—, assault ———, a person then having and in the execution of (air police) (military police) (shore patrol) (civil law enforcement) duties, by ———.    —Upon a person in the execution of police duties

124. In that ——— did, (at) (on board) ———, on or about ——— 19—, with intent to commit (murder) (voluntary manslaughter) (rape) (robbery) (sodomy) (arson) (burglary) (housebreaking), commit an assault upon ——— by ———.    —With intent to commit certain offenses

125. In that ——— did, (at) (on board) ———, on or about ——— 19—, unlawfully (strike) (———) ———, a child under the age of sixteen years, (in) (on) the ——— with ———.    Assault (consummated by a battery) upon a child under the age of 16

126. In that ——— did, at ———, on or about ——— 19—, wrongfully and bigamously marry ———, having at the time of his said marriage to ——— a lawful wife then living, to wit: ———.    Bigamy

127. In that ———, being at the time (a contracting officer for ———) (the personnel officer of ———) (———), did, (at) (on board) ———, on or about ——— 19—, wrongfully and unlawfully (ask) (accept) (receive) from ———, (a contracting company engaged in ———) (———), (the sum of $———) (———, of a value of about $———) (———), [with intent to have his (decision) (action) influenced with respect to] [(as compensation for) (in recognition of) services (rendered) (to be rendered) (rendered and to be rendered) by him the said ——— in relation to] an official matter in which the United States was and is interested, to wit: (the purchasing of military supplies from ———) (the transfer of ——— to duty with ———) (———).    Bribery and graft: —Asking, etc.

128. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully and unlawfully (promise) (offer) (give) to ———, (his commanding officer) (the claims officer of ———) (———), (the sum of $———) (———, of a value of about $———) (———), [with intent to influence the (decision) (action) of the said ——— with respect to] [(as compensation for) (in recognition of) services (rendered) (to be rendered) (rendered and to be rendered) by the said ——— in relation to] an official matter in which the United States was and is interested, to wit: (the granting of leave to ———) (the processing of a claim against the United States in favor of ———) (———).    —Promising, etc.

129. In that ——— did, (at) (on board) ———, on or about ——— 19—, [with intent to deceive, wrongfully and unlawfully] make and utter to ——— a certain check, in words and figures as follows, to wit: ———, (in payment of a debt in the amount of $———) (for ———) [, he, the said ———, then not intending to have sufficient funds in the ——— bank available to meet payment of said check upon its presentment for payment in due course], and did thereafter wrongfully and dishonorably fail to (place) (maintain) sufficient funds in (the ———) (said) bank for payment of such check upon its presentment for payment.    Check, worthless, making and uttering

NOTE.—Both allegations inclosed in brackets should be used in a case in which the accused had given the check in purported payment of a

debt not intending to have sufficient funds in the bank available to meet payment upon presentment in due course, but had not thereby obtained any money, personal property, or article of value. Obtaining money, personal property, or an article of value by means of giving a check, without intending to have sufficient funds in the bank available to meet payment upon presentment in due course, may be charged as larceny or wrongful appropriation, as the case may be, in violation of Article 121 (see 200). Without the material in brackets, this specification may be used to denounce merely a wrongful and dishonorable failure to place or maintain sufficient funds in the bank for payment of the check.

**Debt, failing to pay**

130. In that ———, being indebted to ——— in the sum of $——— for ———, which amount became due and payable (on) (about) (on or about) ———, did, (at) (on board) ———, from ——— 19— to ——— 19—, wrongfully and dishonorably fail to pay said debt.

**Disloyal statements**

131. In that ——— did, (at) (on board) ———, on or about ——— 19—, with design to [promote (disloyalty) (disaffection) (disloyalty and disaffection) among (the troops) (the civilian populace) (the troops and the civilian populace)] [———], publicly utter the following statement, to wit: "———", or words to that effect, which statement was disloyal to the United States.

**Disorderly, drunkenness, etc.:**
**—In command, quarters, etc., or under service discrediting circumstances**

132. In that ——— was, (at) (on board) ———, on or about ——— 19—, (drunk) (disorderly) (drunk and disorderly) [in (command) (quarters) (station) (camp) (———)] [on board ship] [in uniform in a public place, to wit: ———] [———].

**—Drinking liquor with prisoner**

133. In that ———, a (sentinel) (———) in charge of prisoners, did, (at) (on board) ———, on or about ——— 19—, unlawfully drink intoxicating liquor with ———, a prisoner under his charge.

**—Drunk, prisoner found**

134. In that ———, a prisoner, was, (at) (on board) ———, on or about ——— 19—, found drunk.

**—Incapacitating oneself for performance of duties through prior indulgence in intoxicating liquors**

135. In that ——— was, (at) (on board) ———, on or about ——— 19—, as a result of previous indulgence in intoxicating liquor, incapacitated for the proper performance of his duties.

**Drugs, habit forming, or marihuana:**
**—Wrongful possession**

136. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully have in his possession ——— ounces, more or less, of (a habit forming narcotic drug, to wit: ———) (marihuana).

**—Wrongful use**

137. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully use (a habit forming narcotic drug, to wit: ———) (marihuana).

**False or unauthorized pass, making, etc.**

138. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully [and falsely (make) (forge) (alter by ———) (counterfeit) (tamper with by ———)] [sell to ———] [give to ———] [(use) (have in his possession) with intent to (defraud) (deceive)] (a certain instrument purporting to be) (a) (an) (another's) (naval) (military) (official) (pass) (permit) (discharge certificate) (———) in words and figures as

follows: ———, [he, the said ———, then well knowing the same to be (false) (unauthorized) (———)].

139. In that ——— did, (at) (on board) ———, on or about ——— 19—, (in an affidavit) (in his testimony before a ——— court-martial at the trial of ———) (in ———) wrongfully and unlawfully (make) (subscribe) under lawful (oath) (affirmation) a statement in substance as follows: ———, which statement he did not then believe to be true. *False swearing*

140. In that ——— did, (at) (on board) ———, on or about ——— 19—, through carelessness, discharge a (service rifle) (———) in the (squadroom) (tent) (barracks) (——— compartment) (———) of ———. *Firearm, discharging: —Through carelessness*

141. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully and willfully discharge a firearm, to wit: ———, (in the mess hall of ———) (———), under circumstances such as to endanger human life. *—Willfully, under such circumstances as to endanger life*

142. In that ———, being (the driver of) (a passenger in) (the senior officer in) a vehicle at the time of (an accident) (a collision), did, at ———, on or about ——— 19—, wrongfully and unlawfully leave the scene of the (accident) (collision) without [rendering assistance to ——— who had been struck (and injured) by the said vehicle] [making his identity known]. *Fleeing scene of accident*

143. In that (Sergeant) (———) ——— (, boatswain's mate, first class, U. S. Navy,) (, ———,) did, (at) (on board) ———, on or about ——— 19—, gamble with (Private) (———) ——— (, seaman apprentice, U. S. Navy) (, ———). *Gambling with subordinate*

144. In that ——— did, (at) (on board) ———, on or about ——— 19—, unlawfully kill ———, [by negligently ——— the said ——— (in) (on) the ——— with a ———] [by driving a (motor vehicle) (———) against the said ——— in a negligent manner] [———].. *Homicide, negligent*

145. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully and unlawfully impersonate an [(officer) (warrant officer) (noncommissioned officer) (petty officer) (agent or superior authority) of the (Army) (Navy) (Marine Corps) (Air Force) (Coast Guard)] [an official of the Government of ———] by [publicly wearing the uniform and insignia of rank of a (lieutenant of the ———) (———)] [showing the credentials of ———].[———] (with intent to defraud ——— by ———). *Impersonating an officer, etc.*

146. In that ——— did, (at) (on board) ———, on or about ——— 19—, [take (immoral) (improper) (indecent) liberties with] [commit a (lewd) (lascivious) act (upon) (with) the body of] ———, a (female) (male) under sixteen years of age, by [fondling (her) (him) and placing his hands upon (her) (his) leg and private parts] [———], with intent to (arouse) (appeal to) (gratify) the (lust) (passions) (sexual desires) of the said ——— (and ———). *Indecent acts with a child*

147. In that ——— did, (at) (on board) ———, on or about ——— 19—, while (at a barracks window) (———) willfully and wrongfully expose in an indecent manner to public view his ———. *Indecent exposure*

**Indecent, insulting, or obscene language communicated by a male to a female**

148. In that ——— did, (at) (on board) ———, on or about ——— 19—, (orally) (in writing) communicate to ———, a female, certain (indecent) (insulting) (obscene) language, to wit: ———.

**Indecent, lewd acts with another**

149. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully commit an indecent, lewd, and lascivious act with ——— by ———.

**Loaning money at usurious rate**

150. In that ——— (, for and in behalf of one ———,) did, (at) (on board) ———, on or about ——— 19—, loan to ——— $———, under an agreement whereby he, the said ———, was to receive for the use of said money for ——— (months) (days) [interest at the rate of ——— per cent per (annum) (month)] [the sum of $———], thereby (demanding) (receiving) (demanding and receiving) an usurious and unconscionable rate of interest for said loan.

**Mail, taking, opening, etc.**

151. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully and unlawfully take (a) certain [letter(s)] [postal card(s)] [package(s)], addressed to ———, [out of the (——— Post Office ———) (orderly room of ———) (unit mail box of ———) (———)] [from ———] before (it) (they) (was) (were) (delivered) (actually received) (to) (by) the person(s) to whom (it) (they) (was) (were) directed, with design to [obstruct the correspondence] [pry into the (business) (secrets)] of ———.

152. In that ——— did, (at) (on board) ———, on or about ——— 19—, [wrongfully and unlawfully (open) (secrete) (destroy)] [steal] (a) certain [letter(s)] [postal card(s)] [package(s)], addressed to ———, which said [letter(s)] [———] [(was) (were) then [in the (——— Post Office ———) (orderly room of ———) (unit mail box of ———) (custody of ———) (———)] [on the (bunk of ———) (———)]] [had previously been committed to ———, (a representative of ———,) an official agency for the transmission of communications,] before said [letter(s)] [———] (was) (were) (delivered) (actually received) (to) (by) the person(s) to whom (it) (they) (was) (were) directed.

**Mails, depositing, etc., obscene matter in**

153. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully and knowingly (deposit) (cause to be deposited) in the (United States) (———) mails, for mailing and delivery to ———, a (letter) (picture) (———) (containing) (portraying) (suggesting) (———) certain obscene, lewd, and lascivious matter, to wit: ———.

**Misprision of felony**

154. In that ———, having knowledge that ——— had actually committed a felony (at) (on board) ———, on or about ——— 19—, to wit: (the murder of ———) (———), did, from about ——— 19— to about ——— 19—, wrongfully and unlawfully conceal such felony and fail to make the same known to the civil or military authorities.

**Nuisance, committing**

155. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully (urinate) (defecate) (———) [on the

floor of the squadroom] [on the (deck) (bulkhead) of ————]
[————].

156. In that ———— did, (at)· (on board) ————, on or about **Pandering**
———— 19—, wrongfully and unlawfully [(compel) (induce)
(entice) (procure)] [attempt to (compel) (induce) (entice)
(procure)] ———— to engage in (acts of prostitution) (sexual
intercourse for hire and reward) with persons to be directed to
(him) (her) by the said ————.

157. In that ———— did, (at)· (on-board) ————, on or about
———— 19—, wrongfully and unlawfully [receive valuable consid-
eration, to wit: ————, on account of arranging for] [arrange
for] (————) (unnamed persons) to engage in (sexual inter-
course) (sodomy) with————, (a prostitute) (————).

158. In that ————, a prisoner on parole, did, (at) (on board) **Parole,**
————, on or about———— 19—, violate the conditions of his parole **violation of**
by ————.

159. In that ————, having taken a lawful oath [in a proceed- **Perjury,**
ing before (a board of officers) (a court of inquiry) concerning **statutory**
————] [upon the making of an affidavit as to ————] [————],
a case in which a law of the United States authorized an oath to
be administered, that [he, the said ————, would (testify)
(declare) (depose) (certify) truly] [a written (declaration)
(deposition) (certificate) subscribed by him was true], did, (at)
(on board) ————, on or about———— 19—, willfully and contrary
to such oath (state) (subscribe) a material matter, to wit: ————,
which matter he did not then believe to be true.

NOTE.—If the matter falsely stated or subscribed under lawful oath is
not material, the offense should be charged as false swearing.

160. In that ———— did, (at) (on board) ————, on or about **Perjury, sub-**
———— 19—, procure ———— to commit perjury by inducing him, **ornation of**
the said ————, to take a lawful (oath) (affirmation) in a (trial
by ———— court-martial of ————) (trial by a court of competent
jurisdiction, to wit: ————, of ————) (deposition for use in a
trial by ———— of ————) (————) that he, the said ————, would
(testify) (depose) (————) truly, and to (testify) (depose)
(————) willfully, corruptly, and contrary to such (oath) (af-
firmation) in substance that ————, which (testimony) (deposi-
tion) (————) was upon a material matter and which the said
———— and the said ———— did not then believe to be true.

161. In that ————, (a sentinel) (overseer) (————) in charge **Prisoner,**
of prisoners, did, (at) (on board) ————, on or about———— 19—, **allowing to**
wrongfully allow ————, a prisoner under his charge, to [(go **do unauthor-**
to) (enter) (go to and enter) an unauthorized place, to wit: **ized act**
————] [(hold unauthorized conversation with ————) (loiter)
(neglect his task by ————) (obtain intoxicating liquor) (————)].

162. In that ———— did, (at) (on board) ————, on or about **Public record,**
———— 19—, willfully and unlawfully [(conceal) (remove) (muti- **concealing,**
late) (obliterate) (destroy)] [appropriate with intent to (con- **mutilating, etc.**
ceal) (remove) (mutilate) (obliterate) (destroy)] a public rec-
ord, to wit: [the (descriptive list) (rough deck log) (quartermas-
ter's note book) of ————] [————].

**Quarantine, medical, breaking**

163. In that ———, having been duly placed in medical quarantine (in the isolation ward, ——— Hospital) (———), did, (at) (on board) ———, on or about——— 19—, break said medical quarantine.

**Refusing, wrongfully, to testify**

164. In that ———, being in the presence of a [(general) (special) court-martial] [duly appointed board of officers] [———] of the United States, of which ——— was (law officer) (president) (———), (and having been directed by the said——— to qualify as a witness) (and having qualified as a witness and having been directed by the said ——— to answer the following questions put to him as a witness, "———"), did, (at) (on board) ———, on or about ——— 19—, wrongfully refuse (to qualify as a witness) (to answer said questions).

**Restriction, breaking**

165. In that ———, having been duly restricted to the limits of ———, did, (at) (on board) ———, on or about ——— 19—, break said restriction.

**Sentinel, lookout, offenses against and by**

166. In that ——— did, (at) (on board) ———, on or about ——— 19—, [(attempt) (threaten) to] (unlawfully strike) (assault) ———, a (sentinel) (lookout) in the execution of his duty, [(in) (on) the ———] with (a) (his) ———.

167. In that ———, (a prisoner), did, (at) (on board) ———, on or about ——— 19—, wrongfully [use the following (threatening) (insulting) (threatening and insulting) language] [behave in an (insubordinate) (disrespectful) (insubordinate and disrespectful) manner] toward ———, a (sentinel) (lookout) in the execution of his duty, ["———," or words to that effect] [by ———].

168. In that ———, while posted as a (sentinel) (lookout), did, (at) (on board) ———, on or about ——— 19—, (loiter) (wrongfully sit down) on his post.

**Stolen property, knowingly receiving**

169. In that ——— did, (at) (on board) ———, on or about ——— 19—, unlawfully (receive) (buy) (conceal) ———, of a value of about $———, the property of ———, which property, as he, the said ———, then well knew, had been stolen.

**Straggling**

170. In that ——— did, at ———, on or about ——— 19—, while accompanying his organization on (a practice march) (maneuvers) (———), without just cause, straggle.

**Threat, communicating**

171. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully communicate to ——— a threat to (injure ——— by ———) (accuse ——— of having committed the offense of ———) (———).

**Unclean accouterment, arms, etc.**

172. In that ——— was, (at) (on board) ———, on or about ——— 19—, found with an unclean (rifle) (uniform) (———), he being at fault in failing to maintain such property in a clean condition.

**Uniform, unclean, improper, appearing in**

173. In that ——— did, on or about ——— 19—, wrongfully appear (at) (on board) ——— (without his ———) (in an unclean ———) (with an unclean ———) (———).

**Unlawful entry**

174. In that ——— did, (at) (on board) ———, on or about ——— 19—, unlawfully enter the (dwelling house) (garage) (warehouse) (tent) (vegetable garden) (orchard) (stateroom) (———) of ———.

175. In that ——— did, (at) (on board) ———, on or about ——— 19—, unlawfully carry a concealed weapon, to wit: a ———. *Weapon, concealed, carrying*

176. In that ——— did, (at) (on board) ———, on or about ——— 19—, wrongfully and without authority wear upon his (uniform) (civilian clothing) [the insignia of grade of a (master sergeant of ———) (chief gunner's mate of ———)] [the Combat Infantryman Badge] [the Distinguished Service Cross] [the ribbon representing the Silver Star] [the lapel button representing the Legion of Merit] [———]. *Wearing unauthorized insignia, etc.*