**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Theodore J. LINN, Defendant-Appellant.**

**No. 71–1598.**

United States Court of Appeals, Tenth Circuit.

April 28, 1972.

---

* Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.

Douglas McKay Kerr, Denver, Colo., for defendant-appellant.

Richard V. Thomas, U. S. Atty. (Tosh Suyematsu, Asst. U. S. Atty., and Jack Speight, Asst. U. S. Atty., Cheyenne, Wyo., on the brief), for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a jury conviction for the illegal manufacture and possession of a gun silencer, in violation of 26 U.S.C. §§ 5821(a), 5851 and 5861. The indictment, returned on December 5, 1969, alleged the offense was committed on or about January 19, 1968. Trial of the case was had on July 20 and 21, 1971.

Appellant contends he was denied his right to a speedy trial under the Sixth Amendment, and urges trial error in depriving him of compulsory process for witnesses. Linn additionally urges that these two errors, separately and in combination, deprived him of due process of law pursuant to the Fifth Amendment.

The chronology of events between the arrest of Linn by state officers for a state offense and the date of the trial is important. It appears as undisputed that subsequent to his arrest on January 19, 1968, Linn was extradited from Wyoming to Nevada where he was tried and convicted of the crime of murder. The conviction was appealed and reversed by the Nevada Supreme Court. Appellant was then charged in the Wyoming state court with conspiracy to commit murder. During the time he was resisting extradition from Nevada to Wyoming on the state charge, Linn was indicted on the charge in this case. Thereafter, Linn was extradited to Wyoming and released on bond.

On May 26, 1970, Linn was arrested upon two warrants from the district of Wyoming, one issued in this case and a second warrant issued upon an indictment in another case, No. 8181, pending in the same district. He was arraigned on May 28, 1970, and thereafter released on bond. The trial of this case was set for September 15, 1970. On August 25, 1970, Linn filed a motion in this case to

suppress certain evidence; on September 2, 1970, the September 15 trial setting was vacated because of the pending motion to suppress.

On September 21, 1970, Linn was tried to a jury on the indictment returned in case No. 8181 and was convicted. He was ordered to appear to commence sentence in that case on December 11, 1970. Trial in the instant case then had been rescheduled for December 15, 1970. Linn failed to appear on December 11 in connection with case No. 8181, and did not appear until December 14, 1970; the trial assignment for December 15 had been previously stricken because of the absence of Linn. After he appeared to commence sentence in case No. 8181, he was incarcerated in the United States Penitentiary at Leavenworth, Kansas, for a period of somewhat more than three months. The appellant was then returned to Wyoming and tried on April 19, 1971, through May 10, 1971, in Wyoming state court on the charge of conspiracy to commit murder. A motion to dismiss for want of a speedy trial was filed in the instant case on April 27, 1971; the motion was denied. A second motion to dismiss for want of a speedy trial was filed on July 12, 1971, and was likewise denied. Linn was ultimately tried and convicted on the indictment in the instant case on July 20 and 21, 1971.

■ The foregoing chronology of events is of controlling importance in evaluating appellant's speedy trial argument. The right to a speedy trial is relative, and is determined in the light of the facts and circumstances of each case.[1] Trial was initially set for September 15,

1970, and reset for December 15, 1970, to permit time for a hearing on appellant's motion to suppress. Because of Linn's own misconduct in failing to appear to commence sentence in case No. 8181, the December trial setting was stricken. Trial was rescheduled for the next jury session of the court, and was had as scheduled. The post-indictment delay which occurred here is attributable to the conduct of the appellant. A defendant is foreclosed to complain of a denial of a speedy trial where the delay has been caused by his own conduct.[2]

■ We reiterate that " . . . [p]assage of time is not itself enough to impinge the Sixth Amendment. The lapse of time must result in oppressive delay, harassment, discrimination or prejudice to the defendant."[3] We find no showing of any of these conditions here. Appellant's Sixth Amendment right to a speedy trial was not violated by the one year and eight month lapse between indictment and trial.

■ Appellant's second contention concerns violation of his Sixth Amendment right to compulsory process. Linn petitioned for subpoena of nineteen witnesses at government expense; the trial court, after a hearing with Linn being personally present, allowed five. The right to have witnesses produced at government expense is not absolute; the decision on the number to subpoena is within the sound discretion of the trial court.[4] We find no abuse of the trial court's discretion in limiting the number of witnesses subpoenaed at government expense to five. Accordingly, appellant's Sixth Amendment right of compulsory

1. Hampton v. Oklahoma, 368 F.2d 9 (10th Cir. 1966) ; Gorko v. Commanding Officer, Second Air Force, Shreveport, La., 314 F.2d 858 (10th Cir. 1963) ; Day v. Davis, 235 F.2d 379 (10th Cir. 1956), cert. denied 352 U.S. 881, 77 S.Ct. 104, 1 L.Ed.2d 81.

2. Morland v. United States, 193 F.2d 297 (10th Cir. 1951).

3. United States v. Holmes, 453 F.2d 950, 953 (10th Cir. 1972).

4. United States v. Plemons, 455 F.2d 243 (10th Cir. 1972) ; United States v. Mason, 440 F.2d 1293 (10th Cir. 1971), cert. denied Edwards v. United States, 404 U.S. 883, 92 S.Ct. 219, 30 L.Ed.2d 165 ; Brady v. United States, 433 F.2d 924 ; United States v. Reed, 413 F.2d 338 (10th Cir. 1969), cert. denied sub nom. Sartain v. United States, 397 U.S. 954, 90 S.Ct. 982, 25 L.Ed.2d 137.

process was not violated. As we have found neither of appellant's contentions to be the basis for error, there was no denial of Fifth Amendment due process in this case.

Affirmed.