# BEARD v. STAHR, SECRETARY OF THE ARMY, ET AL.

No. 648.   Decided May 28, 1962.

*Frederick Bernays Wiener* for appellant.

*Solicitor General Cox, Assistant Attorney General Orrick* and *John G. Laughlin, Jr.* for appellees.

PER CURIAM.

The judgment of the District Court is vacated and the cause is remanded with directions to dismiss the complaint. The action is premature. The appellant will not be removed from the active list of the Regular Army unless the Secretary of the Army exercises the discretionary authority to remove him conferred by 10 U. S. C. § 3794. The Secretary has not stated that he will so exercise his discretion as to remove appellant. If the Secretary does not remove the appellant it will be unnecessary

to pass on the constitutional objections which have been urged. If appellant is removed, the Court is satisfied that adequate procedures for seeking redress will be open to him. Compare *Aircraft & Diesel Corp.* v. *Hirsch,* 331 U. S. 752, 772–773. Accordingly, the application for a stay is denied.

THE CHIEF JUSTICE is of the opinion that further consideration of the question of jurisdiction should be postponed to the hearing of the case on the merits and would grant the application for a stay.

MR. JUSTICE FRANKFURTER took no part in the decision of this case.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

Appellant is a Major in the Regular Army and has the temporary rank of Lieutenant Colonel. He served in World War II and received the Bronze Star Medal. He at present has had over 19 years of active federal service and will be eligible for retirement in November 1962. But for the present charge against him his military record reflects exemplary conduct and high efficiency ratings.

These years of faithful service have now gone largely for naught under a decision of an Army Board of Review recommending that he be given a general discharge. Whatever the merits may be, I believe that the procedure used at his hearing violated our standards of fairness.

Under the statute here in question, 10 U. S. C. § 3792 (c), an officer faced with a charge carries the burden of proof that "he should be retained on the active list."

The District Court held that there was no constitutional objection to placing this burden of proof on the officer. 200 F. Supp. 766, 775. It reasoned that since

the President could dismiss an officer summarily,* Congress could place on the one removed "the onus of convincing his superiors that he should not be eliminated." *Ibid.* Dismissal is one thing; dismissal with stigma, as here, is quite another. Dismissal with stigma is a severe penalty. In comparable situations, the Government has been required to carry the burden of proof. *Kwong Hai Chew* v. *Rogers,* 103 U. S. App. D. C. 228, 257 F. 2d 606; *Wood* v. *Hoy,* 266 F. 2d 825, 830. Unless this burden is meticulously maintained, discharge for race, for religion, for political opinion, or for beliefs may masquerade under unproved charges. This right, like the right to be heard, is basic to our society. Cf. *Joint Anti-Fascist Refugee Committee* v. *McGrath,* 341 U. S. 123, 168 (concurring opinion); *Beilan* v. *Board of Education,* 357 U. S. 399, 421–423 (dissenting opinion); *Wieman* v. *Updegraff,* 344 U. S. 183, 191.

There is a second reason why we should remand this case for a new hearing. The one witness whose testimony was critical to the case was not called. Confrontation and cross-examination are, as I understand the law, vital when one's employment rights are involved (see *Greene* v. *McElroy,* 360 U. S. 474, 496)—the factor that distinguishes *Cafeteria Workers* v. *McElroy,* 367 U. S. 886, where the only question was access to a military base. Perhaps the missing accuser—whose activities were described in uncomplimentary terms in *Rittenour* v. *District of Columbia,* 163 A. 2d 558—would have made such an unbecoming witness that the Board would have dismissed the charges. Faceless informers are often effective if they need not take the stand. A fair hearing requires the production of the accuser so that cross-examination can test his character and reliability. That question is very close

---

*Which, of course, is a mistaken premise. See *Wiener* v. *United States,* 357 U. S. 349; *Blake* v. *United States,* 103 U. S. 227, 231.

44

to the one involved in No. 1123, Misc., *Williams* v. *Zuckert*, in which we granted certiorari only the other day. 369 U. S. 884. This case should be heard with that one.

I think the present case is ripe for review. Once the Secretary of the Army approves the decision now challenged, appellant will be severed from military service with less than an honorable discharge. If a wrong was committed, I assume that he could recover a judgment that restores any loss of salary or pension. More than dollars, however, are involved: at stake is a man's professional standing, his character, and his claim to an honorable discharge. Where the Army departs from the statutory standard which prescribes the basis on which discharges will be issued, the federal courts can intervene. See *Harmon* v. *Brucker,* 355 U. S. 579. Though the Court's opinion may be read as indicating that a collateral proceeding to set aside one discharge and to direct that an honorable one be granted may lie, we should nonetheless halt this irregular procedure *in limine.* For we are dealing here with the charge of "conduct unbecoming an officer," a charge that carries a heavy stigma. As Winthrop said: "Though it need not amount to a crime, it must offend so seriously against law, justice, morality or decorum as to expose to disgrace, socially or as a man, the offender, and at the same time must be of such a nature or committed under such circumstances as to bring dishonor or disrepute upon the military profession which he represents." Military Law and Precedents (2d ed. 1896) 1104.

If declaratory relief will be accorded, as it certainly could be (*Bland* v. *Connally,* 110 U. S. App. D. C. 375, 293 F. 2d 852), this action for an injunction is timely to prevent an injustice. As recently stated: "We think it must be conceded that any discharge characterized as less than honorable will result in serious injury. It not only means

the loss of numerous benefits in both the federal and state systems, but it also results in an unmistakable social stigma which greatly limits the opportunities for both public and private civilian employment." 110 U. S. App. D. C. 375, 381, 293 F. 2d 852, 858.

I would reverse the judgment below and direct that appellant be accorded a hearing that comports with the requirements of due process.