Kenneth Carl ANDERSON, Appellant,

v.

Colin J. MacKENZIE, Captain, United States Navy, Commanding Officer, U. S. Naval Station, Pearl Harbor, Appellee.

No. 17988.

United States Court of Appeals Ninth Circuit.

Aug. 1, 1962.

Greenstein & Cowan, Hyman M. Greenstein, and Stuart M. Cowan, Hon-

olulu, Hawaii, and Dunn, Hart, McDonald and Kaplan, by William B. Dunn and James T. McDonald, San Francisco, Cal., for appellant.

Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Alan S. Rosenthal, Sherman L. Cohn, Attys., Dept. of Justice, Washington, D. C., and Herman T. F. Lum, U. S. Atty., Honolulu, Hawaii, for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and WALSH, District Judge.

JAMES A. WALSH, District Judge.

Appellant enlisted in the United States Navy in 1958. He is stationed presently at the United States Naval Station, Pearl Harbor, Hawaii, and his enlistment will expire in October, 1962. During the period of his naval service, he has accumulated a disciplinary record which includes non-judicial punishment received on five separate occasions and three separate special courts martial, each of which resulted in appellant's conviction and sentence. In January, 1962, appellee reviewed appellant's record and recommended to the Chief of Naval Personnel in Washington that appellant be given administratively a general discharge under honorable conditions by reason of "unfitness."

Appellant's case and appellee's recommendation were reviewed by the Enlisted Performance Evaluation Board,[1] with the result that the Board recommended to the Chief of Naval Personnel that appellant be processed for an undesirable discharge by reason of unfitness.[2] After considering the Board's recommendation, the Chief of Naval Personnel advised appellee, by letter, that he approved the recommendation that appellant be given an undesirable discharge, subject to certain requirements, viz.: appellant must be afforded an opportunity to request or to waive, in writing, the privileges enu-

1. See 32 C.F.R., § 730.15(i), (Revised as of January 1, 1962).

2. The character of the separation from service accomplished by such a discharge is "under conditions other than honorable." 32 C.F.R., § 730.1, (Revised as of January 1, 1962).

merated in Article C–10313(3) of the Bureau of Naval Personnel Manual,[3] and if he should elect to make further representations in his case pursuant to the provisions of Article C–10313(3), then "the Commanding Officer is to hold discharge in abeyance, submit the additional information with appropriate comment and recommendation to the Chief of Naval Personnel * * * for further consideration and await notification of final decision by the Chief of Naval Personnel."

Thereafter, appellant was advised of the directive of the Chief of Naval Personnel and of his rights under Article C–10313(3), including his right to counsel and his right to a hearing before a field board of officers.[4] Appellant elected, in writing, a hearing before a field board, representation by counsel at the hearing, and the right to appear in person before the board and to submit statements in his own behalf. On February 20, 1962, appellant was advised that a field board had been appointed to convene on the following day and that an officer, a lawyer with the rank of Lieutenant, junior grade, had been appointed to represent him at the hearing. Appellant chose to retain civilian counsel of his own selection instead of representation by the assigned officer and, at the request of retained counsel, the hearing before the field board was postponed until March 27, 1962.

On March 26, 1962, invoking the provisions of the Declaratory Judgment Act (§§ 2201, 2202, Title 28 U.S.C.A.) and § 10 of the Administrative Procedure Act (§ 1009, Title 5 U.S.C.A.), appellant filed his complaint in the district court. The complaint charged that the regulations of the Bureau of Naval Personnel Manual authorizing the issuance of undesirable discharges by reason of unfitness [5] are invalid and unconstitutional as proposed to be applied to appellant and prayed that a declaratory judgment establishing such invalidity and unconstitutionality be entered, together with an injunction restraining appellee from proceeding further in appellant's case under color of the regulations. Appellee moved to dismiss the complaint on the grounds that (1) the Secretary of the Navy and the Chief of Naval Personnel are indispensable parties to the action, and (2) appellant had failed to exhaust the administrative remedies available to him. The court below granted the motion on the latter ground and dismissed the complaint.

Appellant appealed to this court from the action of the district court dismissing his complaint and on June 20, 1962, promptly after filing his notice of appeal, he moved here for the issuance of an injunction pending decision of his appeal restraining appellee from proceeding with administrative action looking towards the issuance of an undesirable discharge to appellant. Hearing on appellant's motion was continued to July 27, 1962, and oral argument on the appeal

---

3. 32 C.F.R., § 730.14(c), (Revised as of January 1, 1962), providing as follows:

"(c) An enlisted person who is subject to undesirable discharge by reason of unfitness under § 730.12 or by reason of misconduct under § 730.13 shall, if his whereabouts is known, be informed as to the circumstances which are the basis for the contemplated action and afforded an opportunity to request or waive, in writing, any or all of the following privileges:

"(1) To have his case heard by a board of not less than three officers.

"(2) To appear in person before such board (unless in civil confinement or otherwise unavailable).

"(3) To be represented by counsel who, if reasonably available, should be a lawyer.

"(4) To submit statements in his own behalf.

If the individual submits a written request to have his case heard by a field board of officers, the commanding officer shall convene an administrative board in accordance with § 730.15. The recorder for the field board shall be furnished with the completed brief of the case (paragraph (g) or (h) of this section), as appropriate, and the service record of the individual concerned."

4. See footnote 3.

5. 32 C.F.R., § 730.12, (Revised as of January 1, 1962).

was set for the same date. Argument on both the motion and the appeal was heard on the date fixed and the entire case was submitted at the conclusion of argument.

When appellant instituted his action in the district court, the administrative process in the matter of his discharge had scarcely begun. As the matter then stood, the Chief of Naval Personnel would finally determine whether appellant would be discharged prior to the expiration of his enlistment and, if he would be, what type of discharge he would receive. Before that officer would make the determination, however, the field board of officers would hold its hearing and make its findings, decision and recommendation as to whether appellant should be discharged and, if so, by what type of discharge his service should be terminated. Next, the field board's findings and recommendation would be reviewed by appellant's commanding officer who, after adding his own comments and recommendation, would forward the case to Washington. In Washington, the matter would again be reviewed by the Enlisted Performance Evaluation Board and that Board would make its findings and its recommendation to the Chief of Naval Personnel. Then, the final pre-discharge authority, the Chief of Naval Personnel, would make his own review of the record and take the effective action in appellant's case.

In view of the foregoing, it is clear that appellant failed to exhaust his administrative remedies before seeking relief in the court below, and that court properly dismissed his complaint. The case is controlled by the decision of the Supreme Court of the United States in Beard v. Stahr, 82 S.Ct. 1105, 1962, and like cases. Bland v. Hartman, 9 Cir., 245 F.2d 311, 313; Michaelson v. Herren, 2 Cir., 242 F.2d 693, 696; Reed v. Franke, 4 Cir., 297 F.2d 17. What the Court stated in Beard, supra, is pertinent here:

"If the Secretary does not remove the appellant it will be unnecessary to pass on the constitutional objections which have been urged. If appellant is removed, the Court is satisfied that adequate procedures for seeking redress will be open to him."

In our case, the Chief of Naval Personnel may not issue an undesirable discharge to appellant and it will then not be necessary to deal with appellant's claims of unconstitutionality. But if such a discharge is issued, appellant has adequate means open to him for obtaining relief. Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503.

Appellant would distinguish his case from Beard, supra, by pointing out that the Chief of Naval Personnel initiated the administrative proceedings in appellant's case and claiming that the Chief has already exercised his discretionary authority by ordering the discharge of appellant from the naval service with an undesirable discharge. This contention is without merit. No final determination has been made by the Chief or by any other official that appellant will be given an undesirable discharge or, in fact, any discharge at all. Indeed, in the letter instructions sent to appellee by the Chief of Naval Personnel it was expressly directed that if appellant should invoke the procedures providing for a full hearing in his case—as he has now actually done—the discharge should be held in abeyance until notification of final decision by the Chief of Naval Personnel. We may not and we will not assume that the consideration of the case by the field board of officers and by appellant's commanding officer and the review by the Enlisted Performance Evaluation Board and by the Chief of Naval Personnel will be but a sham or a "rubber stamping" process.

In view of our holding as to the necessity for appellant's exhausting his administrative remedies, we do not pass upon the contention of appellee that the Secretary of the Navy and the Chief of Naval Personnel are indispensable parties in the action; neither do we pass upon the merits of appellant's claim that any administrative actions or decisions of the Navy Department resulting in the issuance to him of an undesirable dis-

charge will be invalid under the circumstances existing in his case.

The judgment of the district court is affirmed and the motion of appellant for an injunction during the pendency of this appeal restraining appellee from proceeding further in the matter of the proposed issuance of an undesirable discharge to appellant is denied.