**Michael Anthony VITELLI, Plaintiff,**

**v.**

**H. D. WARDEN et al., Defendants.**

**No. 3323.**

United States District Court
S. D. California, S. D.

Dec. 21, 1965.

———◆———

Gostin & Katz, Louis S. Katz, James M. Gattey, San Diego, Cal., for plaintiff.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Div., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

JAMES M. CARTER, District Judge.

### Statement of the Case

The question presented is whether a member of the armed forces, against whom proceedings for an administrative discharge have been instituted, may prior to the hearing, seek an injunction to restrain the holding of the administrative hearing.

Defendants have moved to dismiss the action on the grounds that the action is premature, that administrative remedies have not been exhausted, and that the plaintiff has as yet suffered no injury.

Plaintiff seeks an injunction against the use by defendants of an administrative discharge proceeding against him. The plaintiff is a member of the United States Navy on active duty and is assigned to the United States Naval Hospital Corps School in San Diego, California.

On or about April 5, 1965, plaintiff, 17 years of age, was transported to the office of Naval Intelligence where he was interrogated by an investigator from that office. As the result of that interrogation plaintiff, at a time when he was not represented by counsel and was not aware of his Constitutional rights to be represented by counsel, made a statement regarding his participation in alleged homosexual activities.

Subsequently the defendant, H. D. WARDEN, a member of the United States Navy and the Commanding Officer of plaintiff, informed plaintiff that he would be processed administratively for a discharge from the Navy. The administrative discharge proceedings would be conducted under Navy regulations contained in BUPERS Manual, Article C–10310 or C–10311 by reason of unsuitability due to alleged homosexual activity.

After plaintiff was informed of defendants' intent to use administrative proceedings to discharge him from the Navy, he demanded a Court Martial rather than the administrative handling of his case. His request was denied by the defendants. Defendants have scheduled a field board of officers to hear the case of the administrative discharge and the hearing of that case is currently pending.

## Discussion

Plaintiff alleges that unless defendants are restrained from proceeding further with the discharge of plaintiff from the Navy, plaintiff will be irreparably damaged because such a determination is final and not subject to review. This is not an accurate statement. Prior to actual discharge the administrative proceeding may be reviewed before the Board for Correction of Military Records, 10 U.S.C. § 1552. After discharge review is available before the Navy Discharge Review Board pursuant to 10 U.S.C. § 1553.

The gist of plaintiff's complaint is that the administrative hearing should be enjoined because there is no right of confrontation in such a proceeding and it is therefore unconstitutional. This court cannot reach that issue because this action is premature.

In Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962) the Supreme Court in a per curiam opinion refused to reach the Constitutional issue in an action brought after a Board had recommended an officer be discharged but before the Secretary of the Army had exercised his discretion whether to discharge the plaintiff. Justice Douglas in a dissent joined by Justice Black argued that the administrative hearing was unconstitutional because there was no right of confrontation and that the case was ripe because once the Secretary exercised his discretion the plaintiff would be discharged.

The dissent makes very clear the position of the majority: that an action brought before there has been any action taken towards a discharge is premature irrespective of the constitutionality of the pending proceeding.

Even if one were to follow the dissent in Beard, it does not follow that the present action should result in an injunction because in Beard the Army Board had already recommended a discharge; whereas in the present case the Board has not yet convened.

In oral argument, counsel for the plaintiff argued that the administrative procedures were unconstitutional and had been found to be so by the District of Columbia Circuit in Bland v. Connally, 110 U.S.App.D.C. 375, 293 F.2d 852 (1961). This case is distinguishable on several grounds. First and most important there was no issue of exhaustion of administrative remedies. Plaintiff had been recommended for a discharge by the Board of Officers. This recommendation was affirmed by the Bureau of Naval Personnel Security Review Board and plaintiff was discharged under conditions "other than Honorable."

While this review was pending plaintiff sought an injunction on the grounds that the Navy did not have jurisdiction over him because he was on inactive reserve status at the time. Judge Byrne denied the request for an injunction and the Ninth Circuit affirmed, Bland v. Hartman, 245 F.2d 311 (9th Cir. 1957). The plaintiff then went before the Navy Discharge Review Board and later to the Navy Board for Correction of Naval Records. Both Boards declined to change the character of the discharge so plaintiff then sued the Secretary of the Navy for a declaration that the discharge was void, and that was the posture of the case as it came before the D. C. Circuit in Bland v. Connally, 110 U.S.App.D.C. 375, 293 F.2d 852 (1961). Thus Bland had exhausted every conceivable administrative remedy, whereas in the present case plaintiff has not only failed to exhaust the administrative remedies available to him, he has not even been subject to administrative action which caused any injury.

The decision in Bland v. Connally, supra, is also distinguishable on the merits. The discharge was based on secret information relating to plaintiff's association with alleged subversives while on inactive status and subsequent to his separation from active duty. The court analogized this case to Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1955), where a discharge was held void because it was based on preinduction ac-

tivities instead of activities while on active duty. The court, in Bland, also suggested, although it did not specifically say so, that one on inactive status might have greater rights to confrontation than a soldier. "While we need not decide whether the status of the inactive reservist is more akin to that of the civilian than that of the soldier, we can and do take note of the ambiguity which attaches to that status." (293 F.2d p. 859)

In the present case, the plaintiff is on active duty and the alleged homosexual acts took place while he was on active duty. The statements which will be used in the hearing on Vitelli are not secret like the information in Bland but are statements of known witnesses. Although at the hearing plaintiff will not have the power to subpoena these witnesses, he is informed of the source of the testimony to be used against him and thus the information is not the secret type used in Bland.

A recent Ninth Circuit case is cited by the plaintiff as authority that administrative remedies not yet available to him need not be exhausted. In Schwartz v. Covington, 341 F.2d 537 (9th Cir., 1965), an enlisted man had been recommended for a discharge after a hearing before a Board of Officers on the grounds that he was a homosexual. Plaintiff sued in the District Court for a stay of discharge pending exhaustion of military remedies. The Circuit affirmed the stay granted by Judge Harris because 1) there was a likelihood that the appellee would prevail on the merits of the appeal since from the record it appeared the board may have acted in excess of its authority; 2) the plaintiff would suffer irreparable harm if the stay were not granted because once plaintiff was actually discharged a stigma would attach that later successful appeal to the Army Board of Discharge Review would not erase; and 3) there was no showing that any harm would be suffered by the government if the stay were granted. Therefore a stay was granted pending appeal to the Army Board for Correction of Military Records and if necessary subsequent recourse to the District Court.

 While the plaintiff presents strong arguments that an administrative hearing, to determine whether Vitelli shall be discharged, may not guarantee him certain rights guaranteed by the Constitution, he has not shown why the present action is not premature. Therefore the present action must be dismissed. After the administrative hearing, if plaintiff is recommended for a discharge, he may return to this court to seek a stay of the actual discharge while he exhausts his administrative remedies. Schwartz v. Covington, 341 F.2d 537 (9th Cir. 1965). We will then pass on the issue presented at that time.