**Robert LUFTIG, Plaintiff,**

v.

**Robert S. McNAMARA et al., Defendants.**

**Civ. A. No. 712-66.**

United States District Court
District of Columbia.

April 5, 1966.

Selma W. Samols, Washington, D. C., and Stanley Faulkner, New York City, for plaintiff.

Joseph M. Hannon, Asst. U. S. Atty. for District of Columbia, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is an action by a member of the United States Army against the Secretary of Defense and the Secretary of the Army to enjoin them from ordering him to proceed to Vietnam or to its immediate area to engage in the war in Vietnam. Before the Court at this time is a motion for a preliminary injunction.

Basically the underlying question is whether the Courts have any power to enjoin the Commander in Chief of the Army and Navy of the United States against either carrying on a war or hostilities of other types or, specifically, against transferring or stationing a member of the Armed Forces in some particular area. The Court is of the opinion that this is obviously a political question that is outside of the judicial function.

There are a number of cases to which the Court might refer without endeavoring to exhaust all of them. In State of Mississippi v. Johnson, 4 Wall. 475, 18 L.Ed. 437, there was an action brought in behalf of the State of Mississippi against President Andrew Johnson to enjoin him from stationing certain troops in the State of Mississippi for the purpose of carrying out what have become known in history as the Reconstruction Acts. The Supreme Court held that the action could not be maintained. At page 500 the Chief Justice made the following observation:

"The Congress is the legislative department of the Government; the President is the executive department. Neither can be restrained in its action by the judicial department; though the acts of both, when performed, are, in proper cases, subject to its cognizance.

"The impropriety of such interference will be clearly seen upon consideration of its possible consequences.

"Suppose the bill filed and the injunction prayed for allowed. If the President refuse obedience, it is needless to observe that the Court is without power to enforce its process."

A companion case dating back to the same era is State of Georgia v. Stanton, 6 Wall. 50, 18 L.Ed. 721, in which a somewhat similar injunction was sought against Secretary of War Stanton by the State of Georgia, with the same result. At page 71 the Court stated:

The distinction between judicial and political power is so generally acknowledged in the jurisprudence both of England and of this country, that we need do no more than refer to some of the authorities on the subject. They are all in one direction."

If we now pass on to our own times, the decision of the Court of Appeals for this Circuit in Pauling v. McNamara, 118 U.S.App.D.C. 50, 331 F.2d 796, is pertinent. That case involved an action brought by a citizen against the Secretary of Defense to restrain and enjoin him, as well as the members of the Atomic Energy Commission, from carrying on certain experiments with nuclear weapons. The Court of Appeals held that such an action was outside of the judicial power. At page 52 of 118 U.S. App.D.C., at page 798 of 331 F.2d Judge Burger of the Court of Appeals wrote as follows:

" * * * decisions in the large matters of basic national policy, as of foreign policy, present no judicially cognizable issues and hence the courts are not empowered to decide them."

In another connection this Court had occasion to discuss the tripartite division of the government of the United States in Trimble v. Johnston, 173 F. Supp. 651. In that case this Court stated:

"It is no part of the judicial function to supervise or control the business of the executive or legislative departments of the Government. Otherwise the judiciary, instead of being one of three coordinate branches, would be supreme over the other two. We would then have a government by the courts, instead of by the Congress and the President. Manifestly the Founding Fathers did not contemplate such a result."

This aspect of the discussion might be concluded by reference to the classic words of Mr. Justice Stone in United States v. Butler, 297 U.S. 1, 78, 56 S.Ct. 312, 80 L.Ed. 477. Mr. Justice Stone eloquently observed:

" * * * while unconstitutional exercise of power by the executive and legislative branches of the government is subject to judicial restraint, the the only check upon our own exercise of power is our own sense of self-restraint."

To be sure, these remarks are taken from a dissenting opinion, but they reiterate a doctrine the soundness of which no one would dispute.

Thus the Court concludes that the question involved in this case is a politi-

cal one and, therefore, not cognizable by the judiciary.

 There are also other grounds which lead the Court to the same result. The Courts may not substitute themselves for the Commander in Chief of the Army and Navy and determine the disposition of members of the Armed Forces. In Johnson v. Eisentrager, 339 U.S. 763, at 789, 70 S.Ct. 936, at 949, 94 L.Ed. 1255, it was said by Mr. Justice Jackson in the majority opinion:

> "Certainly it is not the function of the Judiciary to entertain private litigation—even by a citizen—which challenges the legality, the wisdom, or the propriety of the Commander-in-Chief in sending our Armed Forces abroad or to any particular region."

In Beard v. Stahr, 200 F.Supp. 766, a decision by a three-judge court, which involved a motion for a preliminary injunction to restrain the Secretary of the Army from separating an officer of the Armed Forces from the service, it was stated at page 773:

> "Armies cannot be maintained and commanded, and wars cannot be won by the judicial process. Supervision and control over the selection, appointment and dismissal of officers are not judicial functions."

The same principle applies to deployment of all members of the Armed Forces.

To be sure, the decision in that case resulted in the judgment being vacated by the Supreme Court merely on the ground that the action was premature. The Supreme Court did not pass upon the merits of the decision, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321.

 Finally, the Court is of the opinion that this action is barred by the very basic and fundamental principle that although ostensibly and in name it is a suit against officers of the government, it is actually and in essence a suit against the United States. The government has not consented to be sued in this matter for an injunction and, therefore, for this reason also, the action may not be maintained.

In view of these considerations the motion for a preliminary injunction is denied.

A transcript of this oral decision will constitute the findings of fact and conclusions of law. Counsel may submit an appropriate order.

Mr. Hannon: Does your Honor *sua sponte,* under the circumstances, dismiss the case? In view of Your Honor's opinion does the Court *sua sponte* dismiss this action for lack of jurisdiction?

The Court: There is no motion before me to dismiss it.

Mr. Hannon: If your Honor please, the Government's opposition to the motion for a preliminary injunction was based solely upon the fact that there is no jurisdiction.

The Court: The Court will dismiss this action *sua sponte* for lack of jurisdiction over the subject matter.