Leland Carter STANFORD, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 27252.

United States Court of Appeals
Fifth Circuit.

June 13, 1969.

Leland C. Stanford, pro se.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ In this pro se case appellant has failed to file a brief within the time fixed by Rule 31, FRAP, and it is therefore appropriate to dispose of this case summarily pursuant to Rule 9(c) (2) of this Court. Stout v. Broom, 5 Cir., 1969, 406 F.2d 758.

Appellant filed a complaint asking the district court to nullify his dishonorable discharge from the armed forces on grounds that he was denied his "constitutional rights" of indictment by a grand jury and a trial by a petit jury. Upon motion of the United States, the complaint was dismissed. We affirm.

■ Appellant has failed to allege exhaustion of the administrative remedies afforded under the provisions of 10 U.S.C. § 1552. To consider his claims before he has exhausted those remedies

would be premature. Beard v. Stahr, 1962, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed. 2d 321; Tuggle v. Brown, 5 Cir., 1966, 362 F.2d 801, cert. denied 385 U.S. 941, 87 S.Ct. 311, 17 L.Ed.2d 220 (1966); McCurdy v. Zuckert, 5 Cir., 1966, 359 F. 2d 491.

However, even if appellant had exhausted such remedies, he would not be entitled to relief. While the fifth amendment guarantees the right to indictment by grand jury, it also states an exception for cases arising in the armed forces. Ex parte Quirin, 1942, 317 U.S. 1, 63 S. Ct. 1, 87 L.Ed. 3; Owens v. Markley, 7 Cir., 1961, 289 F.2d 751.

Similarly, the guarantee of the right to trial by jury has been held inapplicable to court-martial proceedings. Whelchel v. McDonald, 1950, 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141, rehearing denied 340 U.S. 923, 71 S.Ct. 356, 95 L. Ed. 666; Ex parte Quirin, supra.

Affirmed.