**Douglas C. PICKELL, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**Commander W. C. REED et al., Defendants.**

**No. 701492.**

United States District Court, N. D. California.

April 7, 1971.

---

Armando M. Menocal, III, Michael S. Sorgen and Howard J. DeNike, San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., for defendants.

MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This suit is brought by Douglas Pickell, an enlisted man in the United States Navy, to restrain his separation from the Navy with an undesirable discharge.[1] A Navy Field Board recommended that Pickell be given an undesirable discharge under Bureau of Personnel Manual (Bupersman) Article 34–20220(3) (g) for possession of marijuana. His Commanding Officer and the Chief of the Bureau

---

1. An undesirable discharge is one of five types of discharge which the Navy gives. The other discharges are honorable, general, bad conduct, and dishonorable. An undesirable discharge is given administratively and is defined as a separation under conditions other than honorable. 32 CFR § 730.1.

of Naval Personnel concurred in this recommendation. Plaintiff then brought this present action to restrain his separation from the Navy and to have his undesirable discharge declared invalid.

The case is presently before the Court on the plaintiff's motion for a preliminary injunction to restrain the Navy from discharging him during the pendency of this action and on the Government's motion to dismiss the action. A temporary restraining order was granted by this Court and has continued in force and effect until now.

The essential facts are that on October 24, 1968, plaintiff enlisted in the Navy for four years. After some initial training, he was assigned to Moffet Field Naval Air Station on November 26, 1969. On March 23, 1970, the incident which eventually led to the plaintiff's being processed for an administrative discharge occurred at Moffet Field.

On that date, Naval Security Officers Shamblin and Brown were notified that a woman was living in a van parked behind one of the barracks at Moffet Field. They investigated this report and found a young woman in the van. After they had requested that she leave the van, they searched it and found a few marijuana plants and a small quantity of marijuana. They also determined that the van was registered to the plaintiff.

Mr. Stanard of the Naval Investigative Service then joined the investigation and the plaintiff arrived at the van shortly thereafter. Plaintiff then consented in writing to a search of the van and of his locker. A later search of the locker uncovered some more marijuana and a letter from another sailor requesting that the plaintiff send him a quantity of marijuana and hashish.

On April 7, 1970, plaintiff was notified in writing that he would be processed for an administrative discharge and that he might be separated from the Navy with an undesirable discharge. Plaintiff elected to have a Field Board hearing before three Naval officers and this hearing was held on May 12, 1970.

At this hearing plaintiff was represented by counsel and submitted certain statements on his own behalf. The only witness called was Mr. Stanard who testified that marijuana was found in the plaintiff's van and locker. He also related the contents of the letter which was found in plaintiff's locker requesting that he send some marijuana to another sailor.

After hearing the evidence presented, the Field Board recommended that the plaintiff be given an undesirable discharge for possession of marijuana. On July 14, 1970, the Chief of Naval Personnel affirmed this decision. Plaintiff then brought this present action to restrain his being discharged.

Plaintiff contends that an undesirable discharge is so punitive and stigmatizing that it is indistinguishable from a bad conduct or dishonorable discharge. Since the latter two discharges can only be imposed by court martial, the plaintiff contends that an undesirable discharge cannot, consistent with due process, be imposed administratively.

In general, the defendant contends that the defects of the administrative procedure, when compared with a court martial, are that there is no right to subpoena witnesses, strict rules of evidence are not followed, there is no verbatim transcript of the administrative proceeding, and no adequate review of the decision prior to discharge.

The Government, in its opposition to the plaintiff's motion for a preliminary injunction and in support of its motion to dismiss, contends that an undesirable discharge is not a criminal punishment which requires a judicial trial such as a court martial. Further, the Government contends that the administrative procedure afforded the serviceman complies with the requirements of due process.

■ Ordinarily, a serviceman, contesting the type of discharge he is given, is required to exhaust his administrative remedies prior to seeking relief in district court. Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962);

Reed v. Franke, 297 F.2d 17 (4th Cir. 1961). Plaintiff has the right to appeal to either the Naval Discharge Review Board or the Naval Board for the Correction of Military Records. These Boards, established under 10 U.S.C. §§ 1552 and 1553, are empowered to change the type of discharge given and also to recommend that the serviceman be restored to active duty. Both these remedies, however, can be pursued only after the discharge is actually issued and, since no discharge has yet issued in this case[2] plaintiff has not availed himself of such post discharge remedies.

█ In Schwartz v. Covington, 341 F.2d 537 (9th Cir. 1965), the Ninth Circuit held that a serviceman's discharge would be stayed prior to the exhaustion of these post discharge remedies and any judicial review of the discharge if certain requirements were met. To stay his discharge, however, a serviceman must demonstrate (1) that he will be irreparably injured if the stay is not granted; (2) that there will be no irreparable injury to either the Government or the public in general; and (3) that there is a likelihood that he will prevail on the merits of his claim.

The stigma attached to an undesirable discharge has been found to constitute irreparable injury to the individual serviceman even though the discharge, if granted, could thereafter be changed if shown on appeal to have been invalid. Unglesby v. Zimny, 250 F.Supp. 714 (N.D.Cal.1965); Bland v. Connally, 110 U.S. App.D.C. 375, 293 F.2d 852 (1961).

There is no showing here that either the Government or the pubic would be irreparably injured if a stay were granted in this case.

The case, therefore, must turn on whether the plaintiff has demonstrated that there is a likelihood that he will prevail on the merits.

Plaintiff's only contention is that the procedures leading up to the point of undesirable discharge did not satisfy the requirements of procedural due process within the meaning of Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951), and Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Unless plaintiff shows a likelihood that he will ultimately prevail on this contention, a stay of the undesirable discharge should be denied and plaintiff remitted to exhaustion of his post discharge appeal remedies before resort to this Court.

The question here is not whether these proceedings would meet the requirements of due process for issuance of a bad conduct or dishonorable discharge. Bad conduct and dishonorable discharges are issued as punishment and are issued only after court martial. Grant v. United States, 162 Ct.Cl. 600 (1963). An undesirable discharge does not involve punishment. It reflects only that the military has found the particular individual unfit or unsuitable for further service. No criminal charges are brought and no further sanction, such as fine or imprisonment, is imposed for the conduct which forms the basis for the undesirable discharge.

█ A serviceman does not have a right per se to remain in the service until either court martialed or the expiration of his enlistment. McAulay v. United States, 305 F.2d 836, 158 Ct.Cl. 359 (1962); Reed v. Franke, supra. A serviceman's removal may be accomplished administratively. Rowe v. United States, 167 Ct.Cl. 468 (1964). Further, the military's right to effect an administrative severance is not to be restricted merely because conduct, which is the ground for the discharge could also have served as basis for a court martial proceeding. So long as an administrative discharge is not used as a disguise for punitive action, the military remains within proper bounds when it chooses to grant an administrative discharge

---

2. A temporary restraining order was issued to stay the discharge pending further order of this court.

without pressing for a court martial because of the individual's wrongful conduct. Birt v. United States, 180 Ct.Cl. 910 (1967); Rowe v. United States, supra.

An administrative discharge is closely related to maintenance of military discipline and courts should be wary of interfering with the Armed Forces' discretion in deciding whether a serviceman should be discharged or what form of discharge should be given.

It is admitted by the Government, however, that an undesirable discharge, although it does not involve punishment, does involve a certain stigma upon the dischargee. In fact, the Navy itself in its notice to an enlisted man that he will be processed for an undesirable discharge states:

> An Undesirable Discharge is an administrative separation from the Armed Forces under Other Than Honorable Conditions. The recipient of such a discharge may be deprived of virtually all Veterans' benefits * * *, and he may encounter substantial prejudice in civilian life. (Ex. A to Government's Return, P. 34).

■ This does not mean, however, that an undesirable discharge is punishment in the criminal sense requiring a full judicial trial. It simply means that the administrative procedure leading up to an undesirable discharge must afford due process, not necessarily the due process of court martial, but due process appropriate to the nature of the undesirable discharge. Unglesby v. Zimny, supra; McCurdy v. Zuckert, 359 F.2d 491 (5th Cir. 1966).

■ The administrative procedure followed by the Navy when imposing an undesirable discharge is set out in 32 CFR § 730.15. Essentially the procedure is that the individual serviceman can elect to have his case heard before a Field Board composed of three officers. The Field Board functions as an administrative, rather than judicial, body and it need not observe strict rules of evidence.

At this Field Board hearing, the serviceman has the following rights: he must be informed of the specific charges against him; he may be represented by counsel; he may challenge a Board member for cause; he may testify and submit statements on his own behalf; he may request the appearance before the Board of any witness whose testimony he believes is pertinent [3] and he may question any witness who appears before the Board.

There is no allegation here that the Navy did not correctly follow its own procedures. What the plaintiff contends is that these procedures in and of themselves do not afford the serviceman due process.

It appears, however, that these procedures are essentially fair and that they meet the requirements of due process for purposes of undesirable discharge. The plaintiff was informed of the charges against him; he had a hearing at which he was represented by counsel; and he had the opportunity to present evidence on his own behalf and refute evidence offered against him.

On the present record, therefore, the plaintiff has failed to demonstrate a likelihood that he would prevail on the merits of the only claim he makes. For this reason he is not entitled to stay of his undesirable discharge by preliminary injunction of this Court.

Further, since the plaintiff attacks only the discharge procedures leading up to the point of discharge and since we have concluded that they satisfy the requirements of due process, he has failed to state a claim upon which relief can be granted.

---

3. Although there is no compulsory process for the attendance of witnesses, the Navy is required to produce any witness requested who is then on active duty.

Further, the lack of compulsory process has been held not to violate due process. Unglesby v. Zimny, supra.

Accordingly, it is the order of this Court that the plaintiff's motion for preliminary injunction should be, and the same is, hereby denied. The Government's motion to dismiss should be, and the same is, hereby granted. The temporary restraining order heretofore in effect in this case is hereby dissolved.

Dissolution of the temporary restraining order will be stayed for a period of ten (10) days from the date of this order.