**Todd K. COOMBS**

v.

**COMMANDING GENERAL HEADQUARTERS, U. S. ARMY TRAINING CENTER, INFANTRY and Fort Polk.**

**Civ. A. No. 16573.**

United States District Court,
W. D. Louisiana,
Lake Charles Division.

May 19, 1971.

Cox & Cox, Lake Charles, La., for petitioner.

Donald E. Walter, U. S. Atty., Paul Lynch, Asst. U. S. Atty., Shreveport, La., for defendant.

EDWIN F. HUNTER, Jr., District Judge.

Petitioner Coombs is an Army private who *enlisted* in the United States Army on January 23, 1970. On August 19, 1970 he filed an application with the Army for discharge as a conscientious objector. This request was denied by the Conscientious Objector Review Board on November 17, 1970. A second application was denied on March 9, 1971. Meanwhile, Coombs was charged with failure to obey lawful orders to put on his U. S. army fatigues and attend a military class. These charges were filed on March 4, 1971, and were referred to a special court martial on March 9th. This suit was filed on March 11, 1971, and the court martial proceedings were stayed, pending disposition of the present habeas application. The Government, citing Parisi v. Davidson, 435 F.2d 299 (9 Cir. 1970), requests dismissal of the petition.

In relatively recent cases three circuits have taken the position that federal courts are without jurisdiction to entertain habeas proceedings pending exhaustion of military justice procedures. Noyd v. McNamara, 267 F.Supp. 701 (D. C.) aff'd 378 F.2d 538 (10th Cir.), cert. denied 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667; In Re Kelly, 401 F.2d 211 (5th Cir., 1968); Parisi v. Davidson, 435 F.2d 299 (9th Cir., 1970), cert. granted May 4, 1971, 402 U.S. 942, 91 S.Ct. 1619, 29 L.Ed.2d 110. The Second Circuit, in Hammond v. Lenfest, 398 F. 2d 705, rejected *Noyd* and went the other way.

Unlike *Hammond*, when the present application was filed, court martial proceedings had already been instituted by the military authorities and a special court had been convened, and the trial itself was imminent.

Here, like *Kelly*, habeas was invoked subsequently to the formal court martial charges.

We agree with *Parisi*:

"Were every soldier dissatisfied with some phase of national policy or military effort allowed to exercise similar discretion, necessary military discipline would collapse. Had Parisi bided his time, it appears, on the record before us now, that he likely would have obtained the relief he sought from the District Court. If the fruits of his impatience are bitter, he has only himself to blame for their production.

"A serviceman facing court-martial should not be permitted habeas relief in a federal court during the pendency of his military trial and appeals therefrom, except, perhaps, when it might appear that no military tribunal to which he has recourse is capable of granting an appropriate remedy."

Also, we think pertinent the observation made by the Supreme Court of the United States in Noyd v. Bond, 395 U.S.

683, at page 694, 89 S.Ct. 1876, at page 1883, 23 L.Ed.2d 631:

> "It is for these reasons that Congress, in the exercise of its power to 'make Rules for the Government and Regulation of the land and naval Forces,' has never given this Court appellate jurisdiction to supervise the administration of criminal justice in the military. When after the Second World War, Congress became convinced of the need to assure direct civilian review over military justice, it deliberately chose to confide this power to a specialized Court of Military Appeals, so that disinterested civilian judges could gain over time a fully developed understanding of the distinctive problems and legal traditions of the Armed Forces."

Pertinent, too, is the following language from Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508:

> "Military law, like state law, is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment. This Court has played no role in its development; we have exerted no supervisory power over the courts which enforce it; the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment. The Framers expressly entrusted that task to Congress."

As a general proposition, we think the decisions heretofore cited compel a conclusion that when a member of the Armed Forces makes a unilateral decision to defy the lawful orders of his military superiors and then invokes habeas, after formal courts martial are lodged, we should not interfere with a speedy disposition of the military charge. As Judge Friendly, in his dissent in Hammond, stated:

> "My brothers seem to concede, as I think Supreme Court decisions compel, that if a court martial had been convened, habeas corpus would not lie until military remedies had been exhausted. See Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950); Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962)."

We are not blind to the possible moral dilemma which an in-service conscientious objector might in some circumstances face, but an in-service objector remaining in the service, pending the review of his claim for discharge, should not be permitted to defy a simple order to put on Army fatigues and report for class.

## CONCLUSION

We abstain from acting on the petition at this time. We retain jurisdiction, awaiting the outcome of petitioner's special court martial.

It is further ordered that the Army is enjoined from assigning Coombs to any duties which require materially greater participation in combat activity or training than was being required of him on the date of the filing of this petition in this Court.