Carlos J. DE SANTIAGO OLMO,
Petitioner,

v.

COMMANDING OFFICER, THIRD
U. S. ARMY, et al., Defendants.

Civ. No. 637–73.

United States District Court,
D. Puerto Rico.

Dec. 10, 1974.

Pedro J. Varela, Puerto Rico Legal Services, Hato Rey, P. R., for petitioner.

Jose A. Anglada, Asst. U. S. Atty., San Juan, P. R., for defendants.

## OPINION AND ORDER

TOLEDO, Chief Judge.

Petitioner filed this action requesting a mandamus, habeas corpus, injunctive relief and declaratory judgment on July 18, 1973. Petitioner had been a member of the Puerto Rico Army National Guard and was activated for having accumulated an excessive number of unexcused absences from National Guard meetings.

This Court issued a Temporary Restraining Order on July 18, 1974, whereby defendants were restrained from the execution of the induction order

On December 26, 1968, petitioner voluntarily enlisted in the National Guard of the Commonwealth of Puerto Rico and was assigned to HHC 1st Battalion, 296 Infantry, which unit was located in Mayaguez, Puerto Rico.

During the course of his National Guard enlistment and on June 20, 1971, the petitioner was notified that he had incurred six unexcused absences from the annual training held upon June 13–18, 1971. On September 12, 1971, the petitioner was again absent from a scheduled multiple unit training assembly. On October 1, 1971, petitioner was informed by certified mail that active duty orders would be issued within 30 days but that he could present a written appeal of his involuntary order to active duty to his unit commander within 15 days.

It is alleged that in October 1971, petitioner filed a request to be classified as a conscientious objector by his local Selective Service Board.

In December 1971, the United States Army sent petitioner a set of orders for active duty under which petitioner should have presented to active duty by February 7, 1972.

On July 9, 1974, respondents filed a motion to dismiss.

Jurisdiction is invoked under Title 28, United States Code, Section 1331, United States Constitution, Fifth and Fourteenth Amendments; Title 28, United States Code, Section 1391(e)(4); Title 28, United States Code, Section 119, and

because the matter on controversy exceeds $10,000; and under Title 42, United States Code, Section 1983.

A. *Jurisdiction Under Title 42, United States Code, Section 1983*

The Civil Rights Act, Title 42, United States Code, Section 1983, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

The relevant habeas corpus statutes are Title 28, United States Code, Sections 2241 and 2254. Section 2241(c) provides that:

"The writ of habeas corpus shall not extend to a prisoner unless . . . (3) *He is in custody in* violation of the Constitution or laws or treaties of the United States . . ."

Section 2254(a) provides in its pertinent part:

"(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain any application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in *custody* in violation of the Constitution or laws or treaties of the United States."

■■ The essence of habeas corpus is an attack by a person in custody upon the legality of that custody and that the traditional function of the writ is to secure release from illegal custody. The writ of habeas corpus evolved as a remedy available to effect discharge from *any* confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction. See Ex parte Lange, 85 U.S. 163, 18 Wall 163, 21 L.Ed. 872 (1874); Ex parte Wilson, 114 U.S. 417, 5 S.Ct. 935, 29 L.Ed. 89 (1885); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ It is hereby determined that habeas corpus is the appropriate remedy and that its specific determination must override the general terms of Section 1983. In this sense we adopt the United States Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

This Court will not pass on questions of jurisdiction to grant relief to persons seeking release from military service where all administrative resources have not been explored. Rank v. Gleszer, 288 F.Supp. 174 (D.Colo.1968); Noyd v. McNamara, 267 F.Supp. 701 (D.C.Colo. 1967).

■■ The writ of habeas corpus is an extraordinary one and this Court is not willing to issue it until it is shown to the satisfaction of the Court that all other means of relief have been exhausted. United States ex rel. Tomback v. Bullock, 110 F.Supp. 698 (N.D.Ill.1953). When an administrative remedy has been established, the writ of habeas corpus will not be employed to summarily by-pass or interrupt such procedure. United States ex rel. Coltman v. Bullock, 110 F.Supp. 126 (N.D.Ill.1953).

This Court on several occasions has ruled that it lacks jurisdiction to entertain writs of habeas corpus when petitioner has failed to exhaust administrative remedies available to him within the military service. See Jorge Alberto Leon Vazquez v. Commanding Officer of Fort Buchanan, Puerto Rico, et al., Civil No. 222–69, Order of July 15, 1969; Arnaldo Castro Lopez v. U. S. Army, et al., Civil 221–69, Order of April 28, 1969; In the matter of application by Enrique Colon Rios v. Bert Perrin, Civil No. 705–69, Opinion and Order of December 19, 1969; Luis A. Martinez Vega v. Secretary of Defense, Civil No. 21–70, Order of February 6, 1970; Harry Anduze v. Secretary of Defense of

the United States, Civil No. 100–70, Order of March 19, 1970; Eddy Morales v. Commanding Officer Third U. S. Army, et al., Civil 74–88, Opinion and Order of November 13, 1974.

■ This Court does not have jurisdiction to review a military decision until the petitioner has exhausted all available military remedies.[1] Montilla v. Laird, 336 F.Supp. 1063 (D.C.P.R. 1971); McCurdy v. Zuckert, 359 F.2d 491 (5 Cir. 1966), cert. denied, 385 U.S. 903, 87 S.Ct. 212, 17 L.Ed.2d 133 (1966); Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962).

■ In this case, petitioner has not yet exhausted administrative remedies available to him. Requiring him to fully exhaust it before seeking relief in this Court comports with the objectives of the exhaustion doctrine as applied to the military-federal court balance of authority. These objectives are threefold: First, to prevent premature court review which could upset the balance between the military and the civilian judiciary; second, to prevent interference with the efficient operation of the military judicial and administrative systems which could deny the military opportunity to exercise its expertise before resorting to the courts; and third, to prevent inefficient use of judicial resources by requiring finality within the military judicial and administrative systems so that needless review can be avoided. See McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Tuggle v. Brown, 362 F.2d 801 (5 Cir. 1966); Stanford v. United States, 413 F.2d 1048 (5 Cir. 1971); Davis v. Secretary of the Army, 440 F.2d 817 (5 Cir. 1971); Sohm v. Fowler, 124 U.S.App.D.C. 382, 365 F.2d 915 (1966).

In view of the foregoing, petitioner's request for mandamus, habeas corpus, injunctive relief and declaratory judgment is hereby denied. Respondents' motion to dismiss is granted.

It is so ordered.

---

[1]. In this case petitioner did not appeal the active order duty.