| Applicant | Capacity | Type of Application | Amount Requested | | Amount Granted |
|---|---|---|---|---|---|
| Friedman & Koven | Special Counsel for Trustee | Interim | Fees | 13,105.00 | —0— ** |
| | | | Disbursements | 562.33 | —0— ** |
| Meyer, Weiss, Rose, Arkin, Sheppard & Shockett | Special Counsel for Trustee | Interim | Fees | 3,700.00 | —0— ** |
| | | | Disbursements | 162.89 | —0— ** |
| Green, Lasky & Cohen | Special Counsel for Trustee | Final | Fees | 1,700.00 | 1,700.00 |
| | | | Disbursements | 33.80 | 33.80 |
| Piper & Marbury | Special Counsel for Trustee | Final | Fees | 5,691.25 | 5,691.25 |
| | | | Disbursements | 345.67 | 345.67 |
| Saiber, Schlesinger & Satz | Special Counsel for Trustee | Final | Fees | 7,440.00 | 5,500.00 |
| | | | Disbursements | 222.68 | 222.68 |
| Sills, Beck, Cummis, Radin & Tischman | Special Counsel for Trustee | Final and Interim | Fees | 15,865.78 | 11,000.00 *** |
| | | | Disbursements | 269.25 | 269.25 |
| Coopers & Lybrand | Accountants for Trustee | Interim | Fees | 449,870.00 | 330,000.00 * |
| | | | Disbursements | 6,069.22 | 6,069.22 |
| S.D. Leidesdorf & Co. | Accountants for Debtor | Final | Fees | 61,927.50 | 35,000.00 ** |
| | | | Disbursements | 3,042.56 | 1,095.76 |

\* Inclusive of the amounts awarded on July 6, 1976 and without prejudice to renewal of application at a later date.

\*\* Without prejudice to renewal of application at a later date.

\*\*\* Without prejudice to renewal of application for interim allowance at a later date.

---

Settle order on notice.

**Frederick W. SILVERMAN, Plaintiff,**

**v.**

**J. William MIDDENDORF, II, Secretary of the Navy, and Commanding Officer, Bureau of Medicine and Surgery, United States Navy, Defendants.**

**No. 76 Civ. 2708.**

United States District Court, S. D. New York.

Nov. 8, 1976.

Kunstler & Hyman, New York City, for plaintiff; Steven J. Hyman, Michael J. Kunstler, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendants; Gary G. Cooper, Louis G. Corsi, Asst. U. S. Attys., New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff, Frederick W. Silverman, moves pursuant to Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction enjoining the defendants, J. William Middendorf, II, Secretary of the Navy, and Commanding Officer, Bureau of Medicine and Surgery, United States Navy, from ordering him to active duty in the United States Navy. Plaintiff contends that the Navy seeks to call him to active duty more than 6½ years after his enlistment and after he has attained the age of 36 years, contrary to his consent, and in violation of 50 U.S.C.App. § 454(*l*)(1).

The defendants move pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for an order dismissing the complaint on the grounds that this Court lacks jurisdiction since plaintiff has failed to exhaust his administrative remedies, that plaintiff voluntarily consented to be called to active duty as of July 1, 1976 by virtue of his commission in the United States Naval Reserve Medical Corps, that plaintiff cannot now rely upon his age or years in the service to avoid active duty, and that the Navy's actions are proper under 50 U.S.C. App. § 454(*l*)(4).

### Factual Background

It appears undisputed that in 1969 plaintiff applied to the Department of the Navy ("the Department") for a commission in the United States Naval Reserve Medical Corps pursuant to the Armed Forces Physicians' Appointment and Residency Consideration Program commonly referred to as the "Berry Plan", and that on September 14, 1969, plaintiff entered into an agreement with the Department whereby he consented ". . . to serve on active duty as a commissioned officer for a period of two (2) years at the conclusion of deferment if the needs of the service so require." Exhibit "A" attached to Affidavit of Gary G. Cooper dated July 8, 1976. Thereafter, plaintiff accepted a commission as a lieutenant in the United States Naval Reserve Medical Corps.

On February 25, 1970, plaintiff requested a five-year deferment of active military service to complete his residency training in general surgery at the Bronx Municipal Hospital. He was granted a one-year deferment and subsequently, on a year-to-year basis, received additional one-year deferments. *See* Exhibits "D" through "G" attached to Affidavit of Gary G. Cooper dated July 8, 1976. By letter dated January 28, 1974, plaintiff requested an additional one-year deferment to accept a fellowship in surgical oncology at Roswell Park Memorial Hospital in Buffalo, New York. The deferment was granted on February 22, 1974. Plaintiff then informed the Department that he intended to accept a two-year fellowship at Memorial Sloan Kettering Cancer Center, New York, New York instead of the fellowship at Park Memorial Hospital. By letter dated December 4, 1974, plaintiff was granted an extension of his deferment until June 30, 1976. *See* Exhibit "S" attached to Affidavit of Gary G. Cooper dated July 8, 1976.

On October 31, 1975, plaintiff was notified by Captain Barcay of the Bureau of Medicine and Surgery of the Department of the Navy that he was in his last year of deferment and that he would become eligible for active duty soon after his training was completed. By letter dated December 22, 1975, plaintiff was informed that the Department planned to call him to active duty in the summer of 1976 and, on March 23, 1976, plaintiff was notified that he was scheduled to report for active duty on July 7, 1976. By letter dated April 6, 1976, plaintiff requested that he be relieved from further commitment for active duty in the United States Naval Reserve on the grounds of his present age, his years of service in the inactive Reserves, and his family obligations. This request was denied by the Chief of Naval Personnel by letter dated June 11, 1976. *See* Exhibit "B" attached to plaintiff's Complaint filed June 21, 1976. Plaintiff then commenced this action on June 21, 1976. By agreement of both parties, plaintiff's call to active duty has been deferred pending determination of these motions.

### The Instant Application

Plaintiff contends that he may not be called to active duty because he is an officer and physician in the United States Naval Reserve over the age of 35 years and that under 50 U.S.C.App. § 454(*1*)(1) and applicable Department of Defense Regulations the Department of the Navy has neither the authority nor the jurisdiction to activate him. Plaintiff contends that he has exhausted all administrative remedies available to him and that he seeks injunctive relief because he has no other available and adequate remedy at law.

While it is undisputed that plaintiff sought review of his claims by a board authorized by the Chief of Naval Personnel (*see* Affidavit of D. J. Brideau dated July 2, 1976), it appears that plaintiff has not filed an application for relief before the Board for Correction of Naval Records. *See* Affidavit of John E. Corcoran dated June 29, 1976.

Section 1552 of Title 10 of the United States Code provides in part:

"(a) The Secretary of a military department, under procedures established by him and approved by the Secretary of Defense, and acting through boards of civilians of the executive part of that military department, may correct any military record of that department when he considers it necessary to correct an error or remove an injustice. . . .

"(b) No correction may be made under subsection (a) unless the claimant or his heir or legal representative files a request therefor . . . within three years after he discovers the error or injustice, which ever is later. . . . "

Under internal guidelines established by the Department of the Navy, a Board of Correction of Naval Records, composed of civilian appointees, hears grievances by naval personnel. Upon notice to the complainant, an administrative hearing is held and written findings of fact and recommendations are then forwarded to the Secretary of the Navy for further action. 32 C.F.R. 723 *et seq.*

Here, plaintiff was continually reminded of his obligation to serve on active duty in his long correspondence with the Navy dating back to early 1970. *See* Exhibits "J", "O" and "V" attached to Affidavit of Gary G. Cooper dated July 8, 1976. Plaintiff submitted his request to be relieved from his active duty commitment in April 1976 and received notice of the Chief of Naval Personnel's decision on June 11, 1976, approximately one month before his scheduled reporting date. While plaintiff may have applied to a higher administrative forum for redress of his grievances before coming to this Court, it appears that such action was not taken.

■ The Supreme Court has repeatedly warned against premature Court interference with military procedures. *See Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); *Burns v. Wilson,* 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953); *Gilligan v. Morgan,* 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973). Indeed, "a

court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures." *Mindes v. Seaman,* 453 F.2d 197, 201 (5th Cir. 1971).

█ Here, plaintiff has made no showing that he has exhausted available intraservice corrective remedies and, as such, this Court lacks jurisdiction to grant the relief requested. *Beard v. Stahr,* 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962); *McGee v. Schlesinger,* 378 F.Supp. 318 (W.D.Texas 1974).

In any event, it appears that plaintiff, as a participant in the Berry Plan, has incurred an obligation to serve on active duty. Plaintiff voluntarily consented " . . . to serve on active duty as a commissioned officer for a period of two (2) years at the conclusion of deferment if the needs of the service required." *See* Exhibit "A" attached to Affidavit of Gary G. Cooper dated July 8, 1976. The Berry Plan specifically permits:

" . . . participating physicians to be brought to active duty in fulfillment of their obligation for military duty at mutually acceptable times by providing for the (1) appointment in the Reserve components of qualified participants in the program who are vulnerable for military service under the provisions of the Universal Military Training and Service Act, as amended (50 U.S.C.App. 454(a)), and (2) deferment from military service of selected participants in order to permit them to undergo approved residency training in the various specialties required by the Armed Services." 32 C.F.R. 58.1(b)

Moreover, the Berry Plan, as described in the Navy Recruitment Manual [Comnavcruitcom Instruction 1110.A] " . . . leads to appointment in the Medical Corps, U.S. Naval Reserve, for inactive duty while completing civilian residency training or research projects. Upon completion of training, participants will be required to serve on active duty." *See* Exhibit "Z–3" attached to Supplemental Affidavit of Gary G. Cooper dated July 27, 1976.[1]

It is undisputed that plaintiff was not a commissioned officer in the United States Naval Reserve at the time he consented to serve on active duty. Section 454(*1*)(4) of Title 50 of the United States Code App. provides in relevant part:

"(4) Any physician or dentist who meets the qualifications for a Reserve commission in the respective military department shall, so long as there is a need for the services of such a physician or dentist, be afforded an opportunity to volunteer for a period of active duty (other than for training) of not less than twenty-four months. Any physician or dentist who so volunteers his service, and meets the qualifications for a Reserve commission shall be ordered to active duty (other than for training) for not less than twenty-four months, notwithstanding the grade or rank to which such physician or dentist is entitled."

Section 454(*1*)(1), on the other hand, provides:

"(1) The President may order to active duty . . . for a period of not more than twenty-four consecutive months, with or without his consent, any member of a reserve component of the Armed Forces of the United States who is in a medical, dental, or allied specialist category, who has not attained the thirty-fifth anniversary of the date of his birth, and has not performed at least one year of active duty."

█ Since it appears that the Berry Plan was designed to assist physicians who were subject to military service under the provisions of the Universal Military Training and

---

1. The Navy established age 41 as a maximum age for eligibility in the Berry Plan and provided that participants be required to serve two years of active duty upon completion of their professional training.

Service Act and was not made applicable to physicians who were already members of the reserve components of the Armed Forces, participants in the Berry Plan appear to be subject to the statutory provisions of 50 U.S.C.App. § 454(*1*)(4) rather than § 454(*1*)(1). *See* House Armed Services Committee Report No. 394, 85th Cong. 1st Sess.

Accordingly, plaintiff's motion for injunctive relief is denied and defendants' motion to dismiss the complaint is granted.

It is so ordered.