**Major Truman A. TODD, Sr.**

**v.**

**James R. SCHLESINGER, Secretary of Defense, et al.**

**Civ. No. SA–73–CA–183.**

United States District Court,
W. D. Texas,
San Antonio Division.

Jan. 14, 1974.

J. C. Grossenbacher, Jr., Grossenbacher, Vaughan & Burch, San Antonio, Tex., for plaintiff.

William S. Sessions, U. S. Atty., by Edward M. Johnson, Asst. U. S. Atty., San Antonio, Tex., for defendants.

ORDER DISSOLVING PRELIMINARY INJUNCTION AND DISMISSING ACTION

JOHN H. WOOD, Jr., District Judge.

On this 14th day of January, 1974, came on to be considered the Defend-

ants' Motion to Dissolve Preliminary Injunction and Motion to Dismiss filed in the above styled and numbered cause.

Having carefully considered the Defendants' Motion to Dismiss and the briefs and oral arguments in support thereof, and the briefs and oral arguments in opposition thereto filed by the Plaintiff, and having carefully reviewed the entire file of the case and the applicable case law of the United States Court of Appeals for the Fifth Circuit, the Court makes the following findings of fact and conclusions of law:

The Plaintiff, Major Truman A. Todd, Sr., has available to him certain administrative remedies under 10 U.S.C. §§ 1552, 1553, which he has failed to exhaust. These statutory administrative remedies are implemented by Army Regulations cited at 32 C.F.R. 581.3. The Court has taken note of the conflict among the Circuits in this area of exhaustion of applicable military administrative remedies, but at the same time notes that it is well settled in the Fifth Circuit, the Circuit in which this Court sits, the law is that a Complaint filed in District Court by a military serviceman prior to the exhaustion of all administrative remedies must be dismissed. See *McCurdy v. Zuckert,* 359 F.2d 491 (C.A. 5, 1966), *cert. denied,* 385 U.S. 903, 87 S. Ct. 212, 17 L.Ed.2d 133 (1967); *Tuggle v. Brown,* 362 F.2d 801 (C.A. 5, 1966), *cert. denied,* 385 U.S. 941, 87 S.Ct. 311, 17 L.Ed.2d 220 (1967); *Stanford v. U. S.,* 413 F.2d 1048 (C.A. 5, 1969), and *Mindes v. Seaman,* 453 F.2d 197 (C.A. 5, 1971).

This Court has also taken note of the decision rendered by the Honorable Adrian A. Spears, Chief Judge, Western District of Texas, in the case styled *Tom v. Schlesinger,* September 24, 1973 (SA–73–CA–202) in which the exhaustion of administrative remedies issue was before the Court under an analogous fact situation.

The conflict among the Circuits must be resolved by the Court charged with the responsibility of resolving conflicts among the Circuits. This Court is under a duty to follow the law of the Circuit in which it sits so long as the law of the Circuit stands. The United States Court of Appeals For The Fifth Circuit has not indicated the desire to reverse itself on the issue now before the Court and this Court will not undertake to do so, and accordingly

It is hereby ordered, adjudged and decreed that the Defendants' Motion to Dissolve Preliminary Injunction and Motion to Dismiss is, in all things, granted, and accordingly

It is further ordered, adjudged and decreed that:

1. The Preliminary Injunction heretofore entered by this Court on December 21, 1973 shall be dissolved as of 12:01 o'clock A.M., January 15, 1974; and

2. The instant cause is dismissed for failure to exhaust administrative remedies.